Ex parte STURM.

District Court, S. D. New York.
Oct. 2, 1929.

John A. Bolles, of New York City (Edwin L. La Crosse, of New York City, of counsel), for relator.

Charles H. Tuttle, U. S. Atty., of New York City (George B. Schoonmaker, of New York City, of counsel), for respondent.

CAFFEY, District Judge.

Relator is an alien seaman. He first came to this country in service of an American ship in 1922. Shortly afterwards he filed a declaration of intention to become a citizen. He continued employment on American ships, with slight interruptions, for several years. He was finally discharged from the Leviathan at the port of New York on account of physical disability. Thereafter he remained ashore, holding various positions in New York and New Jersey, until he was arrested in deportation proceedings.

His last entry was on April 5, 1926. He was taken into custody in the deportation proceedings on May 6, 1929, more than three years later. His sole claim is that deportation is barred by section 34 of the Immigration Act of 1917 (8 USCA § 166), prescribing in effect a limitation of three years. The determining dates are the last entry, U. S. ex rel. Rios v. Day [C. C. A.] 24 F.(2d) 654, 656; U. S. ex rel. Claussen v. Day, 279 U. S. 398, 401, 49 S. Ct. 354, 73 L. Ed. 758, and the arrest, U. S. ex rel. Danikas v. Day (C. C. A.) 20 F.(2d) 733, 736.

One difficulty with relator's contention is that cases which I must follow have already expressly ruled against it. U. S. ex rel. Rios v. Day (C. C. A.) 24 F.(2d) 654, 656; Cellamare v. Day (D. C.) 32 F.(2d) 623. They held that where, as here, the last entry was subsequent to the Immigration Act of 1924, section 14 of that statute (8 USCA § 214) governs. That section contains no limitation; and even if its reference to section 19 of the Immigration Act of 1917 (8 USCA § 155) were deemed to adopt the five-year limitation mentioned in the latter—a question unnecessary to decide—it would not help relator, because less than five years intervened between his last entry and his arrest.

Secondly, mere analysis of the Act of 1924 will demonstrate that relator's contention cannot be sustained. Section 14 of that statute (8 USCA § 214) became effective July 1, 1924 (section 31, 43 Stat. 169). If therefore it applies to an alien seaman whose last entry was subsequent to that date, relator must fail, because his last entry was on April 5, 1926.

Section 3 of the Immigration Act of 1924 (8 USCA § 203) defines "immigrant," as used in the statute, to mean "any alien" arriving in this country from abroad other than six named classes, only one of which embraces or affects seamen. Subdivision 5 excepts an alien seaman "seeking to enter temporarily * * * solely in the pursuit of his calling as a seaman." Section 28 (8 USCA § 224) in subdivision (b) defines "alien" to include "any individual not a native-born or naturalized citizen of the United States," except an Indian or Insular citizen, and in subdivision (f) "immigration laws" to include the Act of 1917, the Act of 1924, and any other law of the United States "relating to the immigration, exclusion, or expulsion of aliens." Unless therefore relator came into the country in 1926 solely for the purpose of pursuing his calling as a seaman, he is by virtue of the definitions just referred to plainly subject to all the provisions of the Act of 1924 affecting aliens.

Section 15 of the Act of 1924 (8 USCA § 215) provides that the admission of an alien seaman coming within the class excepted from the definition of "immigrant" by subdivision 5 of section 3 (8 USCA § 203) shall be for such time and under such conditions as may be prescribed by regulations to insure departure on expiration of the time or breach of the conditions; and section 19 (8 USCA § 166) that "no alien seaman excluded from admission * * * under the immigration laws and employed on board any vessel arriving" here shall be permitted to land "except temporarily for medical treatment, or pursuant to such regulations as the Secretary of Labor may prescribe for the ultimate departure, removal, or deportation of such alien from the United States." The manifest intent of these sections is to prevent admission of any alien seaman, on the same grounds that a nonseaman alien could be excluded, save only that a seaman may come temporarily, and temporarily only, while he continues to work at his occupation as a seaman.

Relator is a German. He arrived in this country on a vessel from abroad. He did not enter or seek to enter temporarily merely, or for medical treatment, or in conformity with regulations prescribed by the Secretary of Labor. He came for the purpose of making this country his home, eventually getting employment as superintendent of an apartment house, and with

the view of becoming a citizen of the United States. Though he quit his ship and abandoned the sea because he had a rupture, he obtained from the government nothing in the nature of a permit and nothing which described or determined his status. He was therefore, by the very terms of the Act of 1924, an "alien" and an "immigrant" whose admissibility was controlled by the provisions of that statute. There is no pretense that if he were an ordinary alien, and not a seaman, but that his last entry was unlawful and he could be deported. From the date of his last entry (April 5, 1926), in consequence, his presence here has been in violation of the "immigration laws." Moreover, even if relator had entered on April 5, 1926, for a temporary stay only, by virtue of Rule 6, subdivision (I), paragraph 2, prescribed by the Secretary of Labor (in the same words in the editions of 1925 and 1927), pursuant to the Act of 1924, his continuance in the country longer than sixty days after April 5, 1926, became unlawful.

Section 14 of the Act of 1924 (8 USCA § 214), which as previously stated became effective July 1, 1924 (section 31, 43 Stat. 169), long prior to the last entry of the relator, provides that "any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917."

By mere statement it seems obvious that relator was subject to section 14 and, if so, it certainly follows on the facts that this section made it the duty of the Secretary of Labor to deport him.

█ Counsel for relator argues that the issue is whether section 14 of the Act of 1924 (8 USCA § 214) repealed section 34 of the Act of 1917 (8 USCA § 166). But it seems to me that the two sections deal with entirely different matters and that each has an application in its own separate field. Section 34 deals with an alien seaman who landed "contrary to the provisions" of the Act of 1917; section 14, with "any alien" found "at any time" not to have been at the date of entry "entitled under" the Act of 1924 to enter or "to have remained" in the United States longer than permitted by the Act of 1924 or regulations thereunder.

On the other hand, if I be in error in believing that the question of repeal need not be met and if it be assumed that the two sections do refer to the same subject-matter, then I am firmly of opinion that the later section does repeal the earlier section, so far as concerns all alien seamen of the class to which relator belongs who reached America on ships coming from abroad subsequent to the going into effect of the Act of 1924. While the 1917 Act in section 34 (8 USCA § 166) in general language relates to "any alien seaman," the 1924 Act in section 14 (8 USCA § 214) relates to "any alien"; and "alien" as used in that connection necessarily, by force of sections 3(5) 15, 19, and 28 (h), 8 USCA § 203, 215, 166, 224, includes all alien seamen except those who, after July 1, 1924, came into the United States temporarily in pursuit of their occupations and in conformity with government regulations providing for their leaving upon the expiration of periods prescribed by the permits granted for them to remain here. In a sense it is true, as relator's counsel says, that the Act of 1917 created a special class composed of all alien seamen; but the Act of 1924 threw into the general class of aliens, subject to the same laws as affect aliens generally, all alien seamen save only such alien seamen as, after July 1, 1924, came to the United States temporarily only under the restrictions prescribed for them by the Act of 1924 and the regulations thereunder. To hold that after July 1, 1924, an alien seaman who remained in the United States beyond the temporary period allowed for the ordinary fulfillment of the requirements of his occupation as a seaman, or beyond the date permitted by the rules of the Secretary of Labor, is not unlawfully in the country would read out of existence the provisions of section 19 of the Act of 1924 (8 USCA § 166).

Counsel for relator relies also on Nagle v. Hansen (C. C. A.) 17 F.(2d) 557, and U. S. ex rel. Danikas v. Day (C. C. A.) 20 F. (2d) 733. I am unable to agree with him. In the first place, the Hansen Case dealt with an alien seaman whose last entry was in 1921. Even if, however, it were interpreted as sustaining the view that section 34 of the Act of 1917 (8 USCA § 166) applies, and that section 14 of the Act of 1924 (8 USCA § 214) does not apply, to the case at bar, that would be at variance with the two cases cited supra as binding here, in both of which the last entries were later than July 1, 1924. Moreover, examination will disclose that the Danikas Case involved

only a seaman whose last entry was preceding the passage of the Act of 1924; also that the contest in that case was between sections 19 and 34 of the Act of 1917 (8 USCA §§ 155, 166) and that the opinion did not mention the Act of 1924.

Counsel for the government urges that, inasmuch as the regulations prescribed by the Secretary of Labor in 1925 and 1927, pursuant to authority granted to him by the Act of 1924 (Rule 6, subdivision I, paragraph 2), made it possible for relator to obtain permission to remain in this country for sixty days after April 5, 1926, the statutory period of three years prescribed by section 34 of the Act of 1917, 8 USCA § 166 (even if applicable), did not begin to run until June 5, 1926; hence, that the date of taking relator into custody (May 6, 1929) was within three years after the stay of relator in the United States became unlawful. For his proposition he cites Ex parte Bildt (C. C. A.) 32 F.(2d) 894. In view, however, of the conclusion stated above, I deem it unnecessary to deal with this point.

The ambition of relator to gain American citizenship may be praiseworthy. Individually he may be of the type which should be encouraged to settle permanently in this country. The course he has pursued, however, was in defiance of law. The court is therefore without authority to afford him any remedy, however impressed that his fault was of ignorance only.

Writ dismissed.