## UNITED STATES ex rel. ENGELBERT v. WATKINS (two cases).

United States District Court
S. D. New York.
Sept. 23, 1946.

John F. X. McGohey, United States Attorney for Southern District of New York, New York City, Henry J. Lotto, of counsel, for respondent.

George G. Shiya, New York City, for relator Walter Engelbert.

James F. Doyle, New York City, for relator Wilhelm Engelbert.

HULBERT, District Judge.

The relators sued out writs of habeas corpus seeking release from the custody of the Immigration and Naturalization Service. They are being held in custody for alleged violation of the Immigration Act of 1924, 8 U.S.C.A. § 201 et seq., in that at the time they entered the United States they were not in the possession of unexpired immigration visas, and on the further ground, that they have been ordered removed from the United States by an order of the Attorney General, who has deemed them to be potentially dangerous enemy aliens pursuant to the provisions of Title 50 U.S.C.A. § 21.

Walter Engelbert is a male alien and a native and citizen of Germany. He was born on July 27, 1900 at Dortmund, Germany. He entered the United States at the port of New York as a seaman on board the S. S. Albert Ballin, sometime in February, 1927. He deserted his ship and has remained in this country ever since.

On June 2, 1942, a warrant of arrest was issued under the Act upon the ground that at the time of his entry he was not in possession of an unexpired immigration visa. He had a hearing by an immigrant inspector on March 16, 1943, having waived representation by counsel. The inspector concluded that he was deportable and further recommended that voluntary departure be not granted.

On June 30, 1943, the relator filed exceptions to the findings of the immigrant inspector, and on August 18, 1943, the Board of Immigration Appeals, after having considered the entire record, overruled his exceptions and affirmed the recommendation of the inspector and a warrant of deportation was issued on Sept. 6th, 1943.

On Feb. 13, 1946, a motion was made on behalf of the relator for a stay and for voluntary departure. This motion was denied by the Board of Immigration Appeals on Feb. 20, 1946. Another motion was made on March 28, 1946, for another stay and denied by the Board of Immigration Appeals on April 4, 1946. The relator is also being held in custody as an enemy alien.

On Jan. 11, 1946, the Attorney General issued an order of removal.

Wilhelm Engelbert is a male alien and a native and citizen of Germany. He was born on July 27, 1905 at Dortmund, Germany. He entered the United States at the port of New York as a seaman on board the S. S. Resolute on Dec. 30, 1926. He deserted his ship and has remained in this country ever since.

On June 2, 1942, a warrant of arrest was issued under the Act upon the ground that at the time of his entry he was not in the possession of an unexpired immigration visa. He had a hearing by an immigrant inspector on March 16, 1943, having waived representation by counsel. The inspector concluded that he was deportable and further recommended that voluntary departure be not granted.

On June 27, 1942, the relator filed exceptions to the findings of the immigrant inspector, and on August 18, 1943, the Board of Immigration Appeals, after having considered the entire record, overruled his exceptions and affirmed the recommendation of the inspector and a warrant of deportation was issued on August 18, 1943.

On Feb. 13, 1946, a motion was made on behalf of the relator for a stay and for voluntary departure. This motion was denied by the Board of Immigration Appeals on March 29, 1946. The relator is also being held in custody as an enemy alien.

On April 3, 1946, the Attorney General issued an order of removal.

There is evidence to support the finding that each of the relators entered the United States with the intent to remain here permanently.

In the case of Ex parte Sturm, D.C., 38 F.2d 272, pages 273, 274, my colleague, Judge Caffey had before him a similar case, in the disposition of which, he said:

"The relator is a German. He arrived in this country on a vessel from abroad. He did not enter or seek to enter temporarily merely, or for medical treatment, or in conformity with regulations prescribed by the Secretary of Labor. He came for the purpose of making this country his home, eventually getting employment as superintendent of an apartment house, and with the view of becoming a citizen of the United States. Though he quit his ship and abandoned the sea because he had a rupture, he obtained from the government nothing in the nature of a permit and nothing which described or determined his status. He was therefore, by the very terms of the Act of 1924, an 'alien' and an 'immigrant' whose admissibility was controlled by the provisions of that statute."

The relators contend that the proposed deportation is null and void, and assert that the illegality of their detention consists of a denial of "every and all the remedies consistent to law which are available to said alien under the Statutes of the United States and the laws thereunder."

They fail to state precisely what remedies were denied them or what remedies were available to them, and in that respect the petition is defective. 28 U.S.C.A. § 454 [now § 2242], O'Connell ex rel. Kwong Han Foo v. Ward, 1 Cir., 1942, 126 F.2d 615; Craemer v. State of Washington, 168 U.S. 124, 18 S.Ct. 1, 42 L.Ed. 407;

United States v. Ju Toy, 198 U.S. 253, 25 S.Ct. 644, 49 L.Ed. 1040.

It is discretionary with the Attorney General whether voluntary deportation, which is provided for in Section 19(c) (1) of the Immigration Act of 1917, Title 8 U.S.C.A. § 155(c) (1), shall be granted. The Board of Immigration Appeals, which acts for the Attorney General in passing upon applications made pursuant to this section, has held that relief is not to be granted merely because the applicant is eligible. In the matter of Stoffers, A-1386642, decided May 12, 1945, the Board stated:

"Counsel further contends that the alien's case comes within the purview of 19(c) of the 1917 Act, as amended, and therefore he is entitled to discretionary relief. We held in the Matter of Barth, 56151/526 of March 30, 1944, that although an alien has qualifications within the statutory requirements for suspension of deportation that this does not create a right to have the discretion exercised in his favor. Since the administration of the statute in question is invested in the discretion of the Attorney General, it is a matter of privilege and not a right."

The decision of the Board of Immigration Appeals is final and conclusive, unless it is established that the alien received an unfair hearing or there was a manifest abuse of discretion. The law in this respect was very aptly stated in O'Connell ex rel. Kwong Han Foo v. Ward, supra.

There is no showing that the hearings accorded the relators were unfair or that there was an abuse of discretion, or that there was any officer of the Immigration Naturalization Service guilty of oppression in his dealings with the relators.

In accordance with Section 21, Title 50 U.S.C.A. and the Proclamation of the President of the United States, No. 2526, dated Dec. 8, 1941, the relators have been held in custody as potentially dangerous alien enemies, and the Attorney General's orders have been issued pursuant to the Presidential Proclamation, and upheld by Judge Rifkind in United States ex rel. Schlueter v. Watkins, D.C., 67 F.Supp. 556. The petitions are, therefore, denied and the writs dismissed.