### ROUX v. COMMISSIONER OF IMMIGRATION AT PORT OF SAN FRANCISCO.

(Circuit Court of Appeals, Ninth Circuit. February 24, 1913.)

No. 2,164.

ALIENS (§ 54*)—PROCEEDINGS FOR DEPORTATION—FAIRNESS OF HEARING.

Under the rules of the Department of Commerce and Labor, of November 30, 1911, governing hearings in case of aliens arrested for deportation as being unlawfully in the United States, which carefully provide that the alien shall be advised of his right to have counsel and his reply entered on the record, that if he selects counsel the latter shall have the right to be present, and to introduce evidence, and that any written argument filed by him shall be forwarded with the record to the Department, a woman so arrested, who did not speak English, and whose friends, although she was told of her right to have counsel, were advised by the inspector that it was not necessary, and led to believe that the case was not serious, in consequence of which she did not employ counsel, and as a result of the hearing was ordered deported, was not accorded the full and fair hearing intended by the rules; and the order based thereon is invalid.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Petition by Alexandrine Roux against the Commissioner of Immigration at the Port of San Francisco for a writ of habeas corpus. Writ denied, and petitioner appeals. Reversed.

This case comes here on appeal prosecuted by Alexandrine Roux from a judgment denying her release upon writ of habeas corpus; she being held by appellee for deportation as being an alien unlawfully within the United States, in that she has been "found employed by, in, or in connection with, a house of prostitution, or resort habitually frequented by prostitutes or where prostitutes gather."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The petition for the writ shows, among other things, that petitioner has for more than three years last past continuously next preceding the filing of the petition and the date of her arrest been an actual resident and denizen of and in the city and county of San Francisco, state of California, and has not within said time changed her said residence or domicile; that petitioner lawfully came into the United States from the republic of France about ten years ago, landing at New York about January 2, 1902, and thereafter came to San Francisco, which was more than three years ago; that about October 1, 1911, the Commissioner of Immigration at San Francisco unlawfully and by force arrested and imprisoned petitioner and now holds her in custody, and threatens to and will deport her, unless stayed by an order and judgment of this court; that petitioner is not a prostitute, but is a reputable woman, but is accused on the ground that she is employed by, in, and in connection with, a house of prostitution solely and exclusively as a cook, in alleged violation of section 2 of the act of Congress of March 26, 1910 (Act March 26, 1910, c. 128, 36 Stat. 264 [U. S. Comp. St. Supp. 1911, p. 502]); "that at the hearing held by said Commissioner of Immigration your petitioner was denied the right to have an attorney or legal counsel to represent her at every or any stage of the proceedings; that she was advised that it was not necessary to have the services of an attorney or legal adviser to defend her; that, on the contrary, your petitioner by and through said Immigration Commissioner, his subordinate officers and employés, was forced to submit to an inquisition and compelled to answer the interrogatories of said officers, without being allowed the right of counsel, or any attorney to represent her;" that said charge was and is untrue, and that petitioner was ready to prove that she had resided within the United States, at San Francisco, for the period of time claimed by her; that she did not come within the provisions of the law invoked for her deportation; and that the provisions of said act of March 26, 1910, in so far as they apply to petitioner, are unconstitutional and void.

Petitioner further alleges that she was not given a full or fair or any legal hearing before the Commissioner of Immigration, was denied the right of appeal to the Secretary of Commerce and Labor, and that such hearings as were had were merely private investigations made without petitioner's consent, and without her presence or her being represented by counsel. Wherefore she prayed that a writ of habeas corpus issue.

On October 24, 1911, the petitioner was brought before Inspector F. Watts on a warrant of arrest and made a statement under oath, P. Lohse acting as interpreter, from which it appears that her name is Alexandrine Roux, a widow; that she has two daughters, one being with her in San Francisco, and the other in France; that she lives in San Francisco, 1842 Mason street, with her daughter; that she first came to the United States about ten years ago; that she has been back to France, departing therefor April 13th, but returned again to the United States, arriving in New York August 29, 1911; that she has always worked for a living, her occupation being a cook, and has "always worked in houses of prostitution, because the wages there are a good deal higher than in other places," and she needed the money, but that she has never practiced prostitution, and did not know that the law prohibited aliens from working in or around houses of prostitution; that she had been working in Madam Nana's house only three weeks as cook and chambermaid.

At the end of the statement petitioner was informed by the inspector as follows: "By order of the Secretary of Commerce and Labor, in a telegram dated October 21, 1911, you have been arrested on the charge that you are an alien employed by, in, or in connection with, a house of prostitution. You have the right to be represented by counsel and to see all the evidence against you. You will also be enlarged upon furnishing satisfactory bond in the sum of one thousand dollars. Do you desire to avail yourself of the right of counsel?" To which she replied: "As soon as my friends come, I will be able to decide."

A continuation of the hearing was had at Angel Island, October 30th, before Inspector Ainsworth. The petitioner produced two witnesses in her behalf, namely, A. Esmiol and William M. Pellan. Esmiol had known petitioner

about nine years, and testified that her present occupation was a cook in a sporting house; that she had been a cook in such houses for about five years; and that he knew her to be a good woman, "a thorough good and honest woman." Pellan had known the witness ten years, and testified that she was cooking in a sporting house, but that she was "a correct woman in every way." Thereupon the record in the case was transmitted by the Commissioner to the honorable Secretary of Commerce and Labor, with a recommendation that a warrant of deportation issue. Upon the proofs thus rendered, the honorable Secretary of Commerce and Labor found that petitioner was in the United States in violation of the act of Congress approved February 20, 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1911, p. 499]), as amended by the act of May 26, 1910, and she was directed to be deported.

In the case at bar the cause went to a special examiner to take testimony and report as to the facts. Rosalie Roux, the daughter of petitioner, there testified that she and Mr. Lombard went to see the inspector, Mr. Watts (this after the petitioner had made her statement, but upon the same day); that she had a conversation with him (Watts); that she asked him if it was necessary for her to get a lawyer; and that he told her, "No;" and so she did not bother to get a lawyer. If she had, she could have taken one there. The witness further stated that the inspector told her to take two witnesses with her, and that that was all that was necessary, and that that was all she did.

Lombard testified that he spoke to Mr. Watts and asked him what was necessary to be done: that he asked the inspector what was the trouble, to which he answered, "I cannot give you much information," but he asked him (Lombard) a few questions and asked a question also of the daughter of the lady. He said: "Well, the case is not much; that is all right; don't trouble yourself. She can go out on bail for $1,000; $1,000 bail will get her out of here, and all she has to do is to take two witnesses along at the first meeting of the commissioners." And that he further stated: "The two witnesses only have to tell what they know about the lady; if the lady is all right, it will only be a matter of a few days." Further on the witness testifies that he wanted to know if really the case needed a lawyer, and that he (Watts) said: "Oh, well, it is no use; that case is all right; you don't need no lawyer." On cross-examination the witness' rendition of what the inspector said was: "Never mind about a lawyer; there is hardly anything to it. * * *" And that he said further: "You just come, you and your wife; you don't need any other witnesses." The witness then says that he (witness) advised the daughter not to procure a lawyer.

The petitioner further testified that at the time she made her first statement to Inspector Watts Lohse, the interpreter, stepped with her to one side, and told her that there was no necessity of having a lawyer. Lohse denies that such a conversation took place. Inspector Watts was not called by reason of his absence in the East.

Marshall B. Woodworth, of San Francisco, Cal., for appellant.

John L. McNab, U. S. Atty., of San Francisco, Cal., for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge (after stating the facts as above). Two questions are presented by this record and insisted upon by counsel for petitioner: First, whether petitioner was awarded a full and fair trial before the inspectors, for her first hearing was had before Inspector Watts and her subsequent hearing before Inspector Ainsworth; and, second, whether she was deportable under the act of February 20, 1907, as amended by the act of March 26, 1910, upon the charge preferred against her.

Rule 22 of the Department of Commerce and Labor, clauses (b) and (c) of subdivision 4, provides:

"(b) During the course of the hearing the alien shall be allowed to inspect the warrant of arrest and all the evidence on which it was issued; and at such stage thereof as the officer before whom the hearing is held shall deem proper, he shall be apprised that he may thereafter be represented by counsel and shall be required then and there to state whether he desires counsel or waives the same, and his reply shall be entered on the record. If counsel be selected, he shall be permitted to be present during the further conduct of the hearing, to inspect and make a copy of the minutes of the hearing, so far as it has proceeded, and to offer evidence to meet any evidence theretofore or thereafter presented by the government. Objections and exceptions of counsel shall not be entered on the record, but may be dealt with in an accompanying brief.

"(c) At the close of the hearing the full record shall be forwarded to the Bureau, together with any written statement submitted by counsel and the recommendations of the examining officer and the officer in charge for determination as to whether or not a warrant for deportation shall issue."

Rules of November, 30, 1911.

These provisions indicate the solicitude of the Department of Commerce and Labor that the alien shall have a fair and altogether impartial and unbiased hearing, free from restraint or any undue influence in the manner of his defense to any charges made against him upon which he may be deported. Was the petitioner accorded such a hearing before the inspectors?

It is unquestioned that petitioner was duly apprised of her right to be represented by counsel at the. hearing, and to inspect all the evidence adduced against her. She replied that as soon as her friends came she would be able to decide. Later in the day her daughter came, accompanied by Lombard, and they made it their purpose to inquire whether it was necessary that petitioner should procure counsel in her defense. They were told by the inspector that it was not necessary· to get a lawyer; that it was no use; that the case was all right; and that they did not need a lawyer; to "never mind about a lawyer; there is hardly anything to it. * * * You just come, you and your wife. You don't need any other witnesses." This latter to Lombard. Moved by this advice, Lombard advised petitioner that it was not necessary for her to have a lawyer, and none was secured. These witnesses were reputable, namely, the daughter and Lombard, and their testimony is in no way contradicted or discredited. Later two witnesses, Esmiol and Pellan, were produced and their testimony heard. Thus petitioner complied with the suggestion of the inspector to bring two witnesses.

Rule 22 but reflects how essential it may be for the accused to have counsel:

"He [counsel] shall be permitted to be present during the further conduct of the hearing to inspect and make a copy of the minutes of the hearing."

And:

"At the close of the· hearing [it is further provided] the full record shall be forwarded to the Bureau, together with any written argument submitted by counsel and the recommendations of the examining officer and the officer in charge for determination as to whether or not a warrant for deportation shall issue."

The honorable Secretary of Commerce and Labor is the adjudicating officer who determines upon the record whether deportation shall follow, and the only representation that the accused can have before that officer is through the argument of counsel. If, therefore, she is deprived of counsel in the hearing before the inspector and of the opportunity to be heard before the honorable Secretary of Commerce and Labor, it is manifest that she is not accorded the full and fair trial that the rules of the Department of Commerce and Labor are intended to secure.

Now, we are not impressed that there was any intimidation exerted on the part of the inspector to prevent the petitioner from employing counsel, but we do think that he overpersuaded her, and thereby induced and unduly influenced her not to employ counsel, and that by reason thereof she had none. She was led to believe, or at least such is the natural and indubitable inference to be drawn from the language of the inspector, that the case against her was a weak one; he saying:

"There is hardly anything to it."

The effect is the same, whether she was overpersuaded from employing counsel or otherwise induced to forego the privilege; she did not employ any. The inspector should have advised her at all times that she was entitled to counsel, and should have refrained from saying anything that would have a tendency to induce her not to employ one.

We conclude, therefore, that the petitioner was not awarded the full and fair trial that the law and rules of the Department of Commerce and Labor accord her. In support of these views, see United States v. Williams (D. C.) 185 Fed 598.

This renders it unnecessary to discuss the second point.

It follows that the judgment of the District Court should be reversed and the cause remanded, with directions to discharge the petitioner from custody.