UNITED STATES ex rel. STAPF *v.* CORSI, COMMISSIONER OF IMMIGRATION.

No. 10. Argued October 17, 1932.—Decided November 7, 1932.

*Mr. Leo Stapf* submitted *pro se.*

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher, Assistant Attorney General Dodds,* and *Messrs. Harry S. Ridgely, W. Marvin Smith,* and *Albert E. Reitzel* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

By writ of *habeas corpus* petitioner challenged the legality of his arrest for deportation as an alien alleged to have remained in the United States in violation of the terms of § 14 of the Immigration Act of 1924 (c. 190, 43 Stat., 153, 162). That section provides:

"Any alien who at any time after entering the United States is found . . . to have remained therein for a longer time than permitted under this Act or regulations made thereunder, shall be taken into custody and deported . . ."

The undisputed facts are that petitioner, a German citizen, deserted his ship, the *Hansa,* February 15, 1923, in the port of New York, and remained in this country until March, 1929, when he signed as a member of the crew of a vessel of United States registry, the *America,* for a voyage to Germany and return. This vessel stayed in Germany two and a half days; but it does not appear whether petitioner went ashore. He arrived in the

United States on the return voyage in April, 1929, and was discharged from the ship, but was not examined by any immigration officer, nor did he possess an immigration visa or pay a head tax. On March 20, 1931, while working in Florida as a butcher, he was arrested on a warrant charging that he had remained in the country for a period longer than permitted by the Immigration Act of 1924 and the regulations thereunder. After hearing, an order of deportation was made. On this showing the District Court dismissed the writ and the Circuit Court of Appeals affirmed.

The entry in 1923 was irregular, and petitioner was not entitled to remain.[1] Under the statute then in force he was subject to be deported; but such action could be taken only within three years of his entry.[2] The Immigration Act of 1924 did not alter the status of one who had unlawfully entered the country or remained after the passage of the act of 1917,[3] but abolished the three year period of

---

[1] Sec. 32 of the Act of February 5, 1917, c. 29, 39 Stat. 874, 895, then in force, but since repealed by the Immigration Act of 1924, provided: " That no alien excluded from admission into the United States by any law . . . and employed on board any vessel arriving in the United States from any foreign port or place, shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to regulations prescribed by the Secretary of Labor providing for the ultimate removal or deportation of such alien from the United States, . . ."

[2] Sec. 34 of the Act of February 5, 1917, c. 29, 39 Stat. 874, 896: " That any alien seaman who shall land in a port of the United States contrary to the provisions of this Act shall be deemed to be unlawfully in the United States, and shall, at any time within three years thereafter, upon the warrant of the Secretary of Labor, be taken into custody and brought before a board of special inquiry for examination as to his qualifications for admission to the United States, and if not admitted said alien seaman shall be deported . . ."

[3] Sec. 20 (d) of the Immigration Act of 1924, c. 190, 43 Stat. 153, 165: " Section 32 of the Immigration Act of 1917 is repealed, but shall remain in force as to . . . all seamen, arriving in the United States prior to the enactment of this Act."

limitation only as to those entering after 1924. Section 14, quoted *supra*; *Philippides* v. *Day*, 283 U. S. 48. The petitioner was therefore entitled to invoke immunity under the act of 1917 unless he lost it by making the voyage to Germany in 1929.

The question is whether by so doing he made a new entry into the United States which left him amenable to the provisions of the act of 1924. The court below answered in the affirmative.[4] Other Circuit Courts of Appeals have held the contrary.[5] In view of these conflicting decisions certiorari was granted.

The relator's arrival in the United States in April, 1929, was an entry into this country notwithstanding he was a member of the crew of an American ship which had made a round-trip voyage. He came from a place outside the United States, and from a foreign port or place, within the meaning of the immigration laws; *United States ex rel. Claussen* v. *Day*, 279 U. S. 398. While that case construed § 19 of the act of February 5, 1917, and the time limitation on deportation therein contained, the decision as to what constitutes an entry is equally conclusive in construing other sections of the immigration law.

That petitioner entered without permission does not entitle him as an alien seaman to more than sixty days' stay in the United States. His non-compliance with the regulations respecting such seamen can not confer upon him greater rights than if he had satisfied their requirements. *Philippides* v. *Day, supra.*

The statutes requiring the master of a ship, under penalties, to bring back to the United States a seaman who signs for a round-trip voyage are said to make the entry

---

[4] *United States ex rel. Stapf* v. *Corsi*, 54 F. (2d) 1086.

[5] *Kirk* v. *Lawrenson*, 24 F. (2d) 64 (C. C. A. 5); *Weedin* v. *Okada*, 2 F. (2d) 321 (C. C. A. 9); *Matsutaka* v. *Carr*, 47 F. (2d) 601 (C. C. A. 9).

of April, 1929, lawful. The argument, in substance based upon the theory that an American vessel is American soil, was effectively answered, as respects the requirements of the Immigration Acts, in the *Claussen* case, *supra*. Irrespective of any statutory duty to return the seaman to this country, the petitioner's entry would have been lawful had he complied with the provisions of statute and regulation for temporary sojourn as an alien seaman. . The obligation of the master to return him did not, as contended, confer the right to remain here permanently.

If we are to disregard petitioner's status as an alien seaman, the law required that he should have submitted himself to inspection, should have produced an immigration visa, and paid a head tax, if as an immigrant he desired to apply for citizenship.[6] He did none of these things, and in this aspect remained here in violation of law.

The suggestion is made that since the relator could not have been deported after the expiration of three years from his original entry in 1923, his status when discharged as one of the crew of the *America* in 1929 was that of an " immigrant previously lawfully admitted to the United States, who is returning from a temporary visit abroad," and thus he was a non-quota immigrant within § 4 of the act of 1924.[7] But he was not lawfully admitted for permanent residence in 1923, and his stay here can not be converted into such lawful residence by the mere fact that the then applicable statute limited the time within which deportation proceedings could be had. *United States ex rel. Georgas* v. *Day,* 43 F. (2d) 917.

The judgment is

*Affirmed.*

---

[6] U. S. C., Tit. 8, §§ 132, 167 (a), 202, 203, 204, 205, 208.

[7] U. S. C., Tit. 8, § 204.