## UNITED STATES ex rel. DI COSTANZO v. UHL, Acting Commissioner of Immigration.

### District Court, S. D. New York.
### May 8, 1934.

Paul A. Berlowitz, of New York City, for relator.

Martin Conboy, U. S. Atty., of New York City (Irvin C. Rutter, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CAFFEY, District Judge.

Relator charges unfairness in the hearing before the immigration service. He alleges that there were two irregularities: (1) that he was deprived of representation by counsel; and (2) that he was deprived of the right of confrontation with witnesses against him.

The facts as established by the record are as follows:

The relator is an Italian. In 1924 he procured from the American consul at Palermo an immigration visa in the name of Salvatore Di Meglio. As the basis for issuance of the visa, he presented to the consul a birth certificate of, and other documents pertaining to, Di Meglio, together with his own photograph. Upon this visa, under the name of Di Meglio, he came into the United States on January 13, 1925. He remained here until December 11, 1930.

On December 9, 1930, desiring to go back to Italy temporarily, he made application for a re-entry permit. In the application he stated that he had lawfully entered the United States in 1925, having reference to his admission at that time under the quota visa issued to him in the name of Di Meglio. He returned, through the port of New York, on the faith of the re-entry permit, on June 19, 1931.

In a warrant issued November 21, 1933, the alien was charged with having been, at the time of his 1931 entry, a quota immigrant who was not in possession of an unexpired quota immigration visa and to have then been not entitled to entry, for the reason that the re-entry permit which he presented was not valid because it had been procured by fraud or misrepresentation.

The sole testimony at the hearing was given by the relator himself.

The record shows (minutes, pages 2, 3) that the alien was advised that he was entitled to be represented by counsel, and replied that he would not engage counsel. He proceeded to testify freely and without objection on his part. The first objection made in the petition, therefore, is not established.

At the oral argument and in the brief for the relator, effort was made to bring the case within Roux v. Commissioner of Immigration (C. C. A.) 203 F. 413; but there is no evidence to sustain a claim that he was misled or overreached or otherwise unfairly dealt with.

Whether the alien should be deported turns wholly upon his own statement. The story recited above is from his lips. In consequence, there can be no issue as to the right of confrontation, and the second objection in the petition fails.

Regardless of what had happened between 1925 and 1930, the relator was still an alien, and his return from Italy in 1931 was a fresh entry. United States ex rel. Claussen v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758. If that entry was unlawful, then he may be deported on that ground. United States ex rel. Stapf v. Corsi, 287 U. S. 129, 53 S. Ct. 40, 77 L. Ed. 215; United States ex rel. Lamp v. Corsi (C. C. A.) 61 F.(2d) 964.

The re-entry permit was procured solely by the representation that the previous entry was lawful. That representation was

false. The 1925 entry was unlawful. McCandless v. Murphy (C. C. A.) 47 F.(2d) 1072. The admission in 1931, therefore, was by the employment of a re-entry permit which had been obtained by a false representation. This rendered the presence of the relator in the country unlawful and subjects him to deportation. United States ex rel. Lamp v. Corsi, supra; United States ex rel. Spina v. Karnuth (D. C.) 3 F. Supp. 774; United States ex rel. Tavilla v. Karnuth (D. C.) 3 F. Supp. 776.

Upon the undisputed facts, the action of the Labor Department was right.

Writ dismissed.