**WARD, Commissioner of Immigration, v. DE BARROS.**

**No. 2968.**

Circuit Court of Appeals, First Circuit.

Jan. 31, 1935.

Arthur J. B. Cartier, Asst. U. S. Atty., of Boston, Mass. (Francis J. W. Ford, U. S. Atty., of Boston, Mass., on the brief), for appellant.

Antonio De J. Cardozo, of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an order of the District Court for Massachusetts, of June 13, 1934, sustaining a writ of habeas corpus and discharging the petitioner from custody. He was arrested on a departmental warrant March 29, 1934, and the petition for the writ was filed May 14, 1934.

The petitioner (appellee) is 26 years old. He is a citizen and native of Portugal, who was smuggled into this country at New Bedford, Mass., in November, 1922. In February, 1928, he left New York for California by train. The train went through Mexico. Having passed through Mexico, on arriving at Calexico, Cal., he was detained by the immigration officials and paroled to his uncle pending investigation of his claimed legal admission to this country at New Bedford. While paroled, he ran away, and was found on Cape Cod at the time of his arrest in March, 1934.

It is conceded that he is an alien, that he unlawfully entered the country in November, 1922, and at the time of his detention at Calexico, Cal., he was not in the possession of an unexpired immigration visa.

He was ordered deported May 4, 1934.

The District Court found that there was no evidence warranting a finding by the immigration authorities that the petitioner stopped over in Mexico, and, this being so, that they proceeded upon a misconception of the law in regarding him as an immigrant at the time he was detained at Calexico and in ordering him deported.

The only question is whether he was an immigrant entering the country in February, 1928, after the passage of the Immigration Act of 1924, section 14 of which would then be applicable (8 USCA § 214). The District Court in discharging the petitioner proceeded upon the theory that, not having stopped over in Mexico, he was not arriving from a foreign place when he reached Calexico; that his status was the same as "where one goes to sea on board an American vessel from a port of the United States

and returns to the same or another port of this country without having been in any foreign port or place," relying on U. S. ex rel. Claussen v. Day, 279 U. S. 398, 49 S. Ct. 354, 355, 73 L. Ed. 758, in which it was pointed out that under such circumstances there would be no entry within the meaning of the act regulating such matters.

We think the court misconceived the meaning of the clause above quoted from the Claussen Case and misapplied that decision. It cannot be said that the petitioner had not been in a foreign place and was not arriving therefrom when he reached Calexico, for he had been in Mexico and was arriving therefrom at the time he reached Calexico; and, such being the case, he then made entry into the country. In the Claussen Case, the alien shipped from New York on an American vessel for a voyage to South America, and returned by way of Cuba, landing in Boston. He had been in a foreign port or ports, and it was held that "he made an entry into the United States within the meaning of the act" when he landed at Boston. See United States ex rel. Stapf v. Corsi, 287 U. S. 129, 53 S. Ct. 40, 77 L. Ed. 215.

This question has been considered by the Circuit Court of Appeals for the Sixth Circuit on a similar state of facts, and it was there held that the alien who, in going from New York City to Detroit, Mich., after leaving Buffalo, passed through a portion of Canada before reaching Detroit, made entry within the meaning of the Immigration Act of 1924 on his arrival at Detroit. Zurbrick v. Borg, 47 F.(2d) 690.

The only difference between that case and this one is that there it did not appear whether the alien (Borg) knew or did not know he was entering foreign territory; while here the petitioner testified, without contradiction, that he did not know. Does this alter the conclusion to be reached?

There is no claim that the petitioner was taken by force out of the country or that he was induced to go out through fraud and deceit, and on the evidence no such claim could reasonably have been made. The contention is that he did not know, at the time he bought his ticket, that the route would take him through Mexico, and he did not learn of that until he reached Calexico. It would seem that the case did not differ from the situation of one setting out on foot to take a trip in this country, who, not knowing where the jurisdictional line separating us from contiguous foreign territory was, in making the trip went over the line. In either case, the boarding the train or stepping over the line would be made in ignorance of entering or being about to enter foreign territory. If what the supposed traveler did, in either case, is to be controlled by what he knowingly intended to do, he might not be said to have left the country. But, if the question depends upon what he in fact did, there can be little doubt but that he left the country. We think the petitioner left the country and was arriving from a foreign place when he reached Calexico, and made a reentry.

The order of the District Court is vacated, and the case is remanded to that court, with directions to recall the writ and dismiss the petition.