## UNITED STATES ex rel. HOLZHEUER v. UHL, District Director of Immigration.

District Court, S. D. New York.
April 30, 1937.

Lamar Hardy, U. S. Atty., of New York City (John W. Knox, of New York City, of counsel), for respondent.

Jacob Goldberg, of New York City, for relator.

LEIBELL, District Judge.

Gustav Holzheuer, an alien, is detained at Ellis Island, N. Y., under a warrant of deportation to Germany, issued by the Commissioner of the Department of Labor. The alien has obtained a writ of habeas corpus on a petition sworn to by his attorney on March 23, 1937, in which it is alleged:

"The cause or pretence of the imprisonment or restraint, according to the best of the knowledge and belief of your Petitioner, is that, subsequent to his arrival at, and lawful entry into the United States of America, on or about July 3, 1923, he made a trip aboard a steamship of the United States Lines (the S. S. George Washington) as a cook and he was so employed thereon on such trip to and from Germany, the steamship having left the American shore in June, 1925 and having returned on or about July 3, 1925; and that, according to the contention of the United States Government, the said alien's residence was therefore interrupted so that he is now illegally in the United States of America. The said Government also contends that the said entry on or about July 3, 1925 was illegal, but the alien claims that it was lawful."

In determining whether or not the writ of habeas corpus should be sustained, the first question to be considered is the alien's claim that he lawfully entered the United States of America on July 3, 1923. In his return to the writ of habeas

corpus, the Director of Immigration contends that the writ of habeas corpus is insufficient at law, among other reasons, because:

"1. The alien entered this country in June, 1923, as an alien seaman and then deserted his ship.

"2. The alien thereafter went abroad and returned to the United States on or about July 3, 1923 and was admitted under Second Proviso paragraph (d), Section 2 of the Quota Act of 1921 as amended by the Act of May 11, 1922.

"3. The above said admission of the said alien was improper and erroneous in that the said alien had not established a permanent residence in the United States prior to his entry on or about July 3, 1923."

The files of the Immigration and Naturalization Service in reference to this case, which form part of the return, show that in the course of a hearing before a Board of Inquiry, the alien testified on August 23, 1932, that he first arrived in the United States on the steamship Hanover from Bremerhaven in June, 1923; that he deserted that ship in New York and in a few days shipped to Sweden on the steamship Drottingholm as a cook for a round-trip voyage; that when the steamship Drottingholm returned to the port of New York he was admitted either as a seaman or as a third-class passenger. He claims to have paid a head tax to the ship's purser, but he never got a receipt from any government officer for the $8 head tax. He must have made some claim at that time that he was an alien resident of the United States returning from a temporary visit abroad, because he was then erroneously admitted to the United States under the second proviso paragraph (d), section 2 of the Quota Act of 1921 (42 Stat. 6), as amended by the Act of May 11, 1922 (42 Stat. 540).

The alien testified on September 20, 1932, that after July, 1923, his next trip abroad was in April or June, 1924, as a member of the crew of the steamship George Washington. He made several round trips on that ship; the last one was in July, 1925. He returned to the United States at the end of July, 1925, on the same ship at New York, as a member of the crew.

The alien's first entry in this country in June, 1923, when he deserted his ship was clearly unlawful. He did not establish any residence here at that time and has himself stated he shipped out again within a few days as a member of the crew of the steamship Drottingholm. On the return trip of that ship he claimed when he arrived here July 3, 1923, that he was a resident alien returning from a temporary visit abroad. He had never been a resident of this country so he does not fall within section 2, par. d, of the Quota Act of May 19, 1921, as amended by the Act of May 11, 1922; but through an error he was then recorded as admitted for permanent residence. He admitted that he had never been in possession of an unexpired immigration visa. His residence in this country had no lawful status at the time he made his last round-trip voyage to Germany as a member of the crew of the steamship George Washington in July, 1925.

The deportation Act of 1924 (8 U.S. C.A. § 214) applies to this case. The alien was properly ordered deported after a fair hearing in September, 1932. The Board who heard his case ordered that the alien be deported to Germany at government expense on the ground "That he is in the United States in violation of the Immigration Act of May 26, 1924 [8 U.S.C.A. §§ 145, 146, 166, 167, 179, 201 et seq.], in that he has remained in the United States for a longer time than permitted under the said act or regulation made thereunder."

At that time he was released on his own recognizance and given until December 1, 1932, within which to depart voluntarily. However, he disappeared and a warrant for his deportation was accordingly issued December 12, 1932. He eluded arrest until March of 1937 and is now being held for deportation under the warrant.

The warrant of deportation, providing that the alien be deported to Germany at this government's expense, states that this alien "who landed at the port of New York, N. Y. ex SS 'George Washington' on the 3rd day of July, 1925, has been found in the United States in violation of the Immigration Act of 1924, to wit: That he has remained in the United States for a longer time than permitted under the said act or regulations made thereunder."

As an alien seaman, when he arrived on the steamship George Washington on July 3, 1925, he was entitled to remain here not more than sixty days before reshipping.

Rule 7, subd. I, of Immigration Rules; 8 U. S.C. § 166 (8 U.S.C.A. § 166). Having remained here for a longer time than permitted under the act and the regulations made thereunder, he is subject to deportation. 8 U.S.C. § 214 (8 U.S.C.A. § 214).

The facts in this case are very similar to the case of United States ex rel. Stapf v. Corsi, 287 U.S. 129, 53 S.Ct. 40, 77 L.Ed. 215. What was there said of Stapf applies equally to Holzheuer with this exception, that through an error Holzheuer was recorded on July 3, 1923, as being admitted as a resident alien returning from a temporary trip abroad. How that error occurred we need not inquire. That it was an error is apparent and that the government is not estopped from challenging the correctness of the entry is equally true. Pearson v. Williams, 202 U.S. 281, 26 S.Ct. 608, 50 L.Ed. 1029.

The writ herein is accordingly dismissed.

Submit order on notice.