**UNITED STATES ex rel. ROOVERS v. KESSLER, Dist. Director of Immigration.**

No. 8234.

Circuit Court of Appeals, Fifth Circuit.

June 7, 1937.

Herbert W. Waguespack, of New Orleans, La., for appellant.

Leon D. Hubert, Jr., Asst. U. S. Atty., of New Orleans, La., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Habeas corpus to prevent deportation, the result below was a judgment denying his application for the writ, dismissing his petition, and remanding the relator to the custody of the immigration authorities to be dealt with according to law. Appellant, earnestly insisting that he is not subject to deportation, presses this appeal. These are the facts as they are stipulated.

Appellant is a citizen and subject of Holland, who entered the United States in 1917 as an alien seaman. In 1920 he made a declaration of intention to become a naturalized citizen, but thereafter took no further proceedings to be naturalized. In 1929 deportation proceedings were instituted against him on the ground that he had remained in the United States longer than is allowed an alien seaman. A writ of habeas corpus sued out by him resulted in his discharge, on the ground that the order of deportation was invalid, because proceedings had not been brought within three years of his entry.

On July 12, 1935, after having, according to his testimony, been told by the immigration authorities at New Orleans that he would not alter his status if he shipped on a United States vessel and did not go ashore at any foreign port, he obtained employment as a seaman aboard the American steamship Santa Marta. In the course of the voyage the steamship touched at the foreign ports of Havana, Cuba, Cristobal, Canal Zone, and Puerto Cortez, Honduras. Relator testified that he did not go ashore at any port, and the Government offered no controverting testimony. On July 29, 1935, aboard the Santa Marta, he returned to and entered the port of New Orleans. On January 16, 1936, deportation proceedings were instituted against him, and a hearing was had at which it was admitted that when he came in on and landed from the Marta he had no visa, did not undergo an inspection, paid no tax, and had no passport. On April 20 an order for his deportation was issued on the ground that he had been found in the United States in violation of section 19 of the Immigration Act of May 26, 1924 (8 U.S.C.A. §.166), in that he had remained after entry for a longer time than that allowed by law to alien seamen.

Here, appellant insists that the judgment appealed from was wrong, because (1) by making his declaration of intention to become a citizen and thereafter serving upon American vessels for more than three years, he had taken himself out of the category of aliens, whose every entry constitutes a new entry; (2) that the judgment in the earlier habeas corpus proceeding is res adjudicata of his right to remain in the United States; (3) because during the voyage of the Santa Marta he at no time left the vessel to go ashore, and his return to the United States did not therefore constitute a new entry; (4) because having made the voyage under the advice and consent of the immigration authorities, his entry was not in law a new entry.

We find nothing of substance in any of these points. U. S. ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758, and U. S. ex rel. Stapf v. Corsi, 287 U. S. 129, 53 S.Ct. 40, 77 L.Ed. 215, settle it that appellant made a new entry, and that his time for remaining in the United States ran from it. Appellant did leave the United States on board a ship; he did on board that ship enter foreign ports and foreign territory; and he did, on board the same ship, re-enter the United States. That he did not betake himself ashore is immaterial. United States v. Corsi, supra.

The prior habeas corpus proceeding, instituted years before he made this last entry, is of course without bearing or effect upon his rights as they stand under it.

As to his last point, the advice and representations of the immigration officials, it is not arguable that they neither gave, nor could give, him any rights, nor could they in any wise affect his status. His rights are to be determined, his status was fixed, by his act in leaving the United States and in returning to it.

The judgment was right. It is affirmed.