### UNITED STATES ex rel. GAROS v. REIMER, Commissioner of Immigration.

District Court, S. D. New York.

Feb. 15, 1938.

James E. Wilkinson, of Merrick, L. I., N. Y., for relator.

Lamar Hardy, U. S. Atty., of New York City (Dolores C. Faconti, Asst. U. S. Atty., of New York City, of counsel), for respondent.

GODDARD, District Judge,

The relator is a subject of Greece, twenty-five years of age, with a wife and child living in Greece. On May 8, 1931, the relator's mother, formerly a subject of Greece but who was naturalized in 1931, filed a visa petition in behalf of her then infant son, the relator, the mother stating in that petition that her son, residing in Greece, was an unmarried minor. As a result of the mother's petition a non-quota immigration visa was issued to the relator under section 4(a) of the Immigration Act of 1924, 8 U.S.C.A. § 204(a), and he was admitted into the United States.

On May 2, 1934, the relator returned to Greece and decided to bring his wife and child to this country, and on September 28, 1937, he filed a visa petition in behalf of

his wife and child, and in this petition he stated that he had been married in Greece on January 25, 1931, which was some fifteen months prior to his entry into the United States, so that he was not an unmarried minor as stated by his mother when she filed her petition in his behalf, his marriage in 1931 having been concealed from the immigration officials at the time of his original entry. Upon the relator's return to this country on November 17, 1937, he was detained by the immigration authorities and ordered excluded on the ground that at the time of his first entry into the United States he was not an unmarried child of a naturalized person—therefore not legally admitted for permanent residence, so that he was not a person entitled to admission for he did not have the immigration visa required for the admission of a quota immigrant.

■■ The relator bases his right of entry as a non-quota immigrant on section 4(a) of the Act of 1924 (8 U.S.C. § 204(a), 8 U.S.C.A. § 204(a) and on section 1 of the 14th Amendment of the Constitution of the United States, U.S.C.A.Const. Amend. 14, § 1, which reads as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."

The relator also relies on section 5 of the Act of March 2, 1907, before its amendment on May 24, 1934 (8 U.S.C. § 8, 8 U.S.C.A. § 8) which provided: "§ 8. Same; children, born abroad, of alien parents, by naturalization of parent. A child born without the United States of alien parents shall be deemed a citizen of the United States by virtue of the naturalization of or resumption of American citizenship by the parent, where such naturalization or resumption takes place during the minority of such child. The citizenship of such minor child shall begin at the time such minor child begins to reside permanently in the United States."

Counsel for relator urges the fact that this provision says nothing about marriage rendering the alien minor ineligible to citizenship by virtue of the naturalization of the parent, but the section does say that citizenship thus derived by a minor from his naturalized parent must commence (1)— during minority of the child; and (2)—after the time such minor child begins to reside permanently in the United States. And the difficulty is that the relator never lawfully acquired a permanent residence in the United States which was an essential requisite under section 5. He was never lawfully admitted for permanent residence. Zartarian v. Billings, 204 U.S. 170, 27 S.Ct. 182, 51 L.Ed. 428; United States ex rel. Stapf v. Corsi, 287 U.S. 129, 53 S.Ct. 40, 77 L.Ed. 215; International Mercantile Marine Co. v. Elting, 2 Cir., 67 F.2d 886. He only gained admission in 1932 because of the fact that his marriage was concealed from the immigration officials. Had this been disclosed he could not have been admitted as a non-quota immigrant. The visa under section 4(a) of the Immigration Act of 1924 as amended May 29, 1928 (8 U.S.C. § 204 (a), 8 U.S.C.A. § 204(a) would not have been issued for, under that section, such a non-quota immigrant is defined as "(a) An immigrant who is the unmarried child under twenty one years of age * * * of a citizen of the United States; PROVIDED, That the marriage shall have occurred prior to issuance of visa, and in the case of husbands of citizens, prior to July 1, 1932".

See United States ex rel. Dallao v. Corsi, D.C., 55 F.2d 941; United States ex rel. De Rienzo v. Rodgers, 3 Cir., 185 F. 334.

With some exceptions the alien born minor children of a naturalized parent are allowed to come into this country as non-quota immigrants, but for reasons easily understood this privilege is not extended to one who is married, although a minor. Citizenship may be bestowed upon an alien born minor child of a naturalized parent, or citizenship may be withheld depending upon whether the conditions required by the naturalization statute are met. One of the conditions is that such minor child shall have a lawful permanent residence in this country. This, the relator never had; hence, he could not have become a citizen. Therefore, lacking the visa required for a quota immigrant he was properly excluded by the immigration officials. The fact that a non-quota visa was issued to the relator in 1932 does not estop the Government from now showing that it was erroneously issued upon misrepresentation and that the relator's admission at that time was unlawful. Pearson v. Williams, 202 U.S. 281, 26 S.Ct. 608, 50 L.Ed. 1029. See also section 9(f) of the Immigration Act of 1924 (8 U.S.C. § 209(f), 8 U.S.C.A. § 209(f).

■ Counsel for relator urges that the relator is entitled to have the issue of his citizenship judicially determined before he may be excluded. But in the case at bar there is nothing to be tried. There is no

issue of fact. All the facts are conceded; only a law question is presented. In Nicoli v. Briggs, 10 Cir., 83 F.2d 375, at pages 376, 377, it is said "Unless a claim of citizenship is made and supported by substantial evidence, Congress may repose the power to deport in the executive department".

See, also Ng Fung Ho v. White, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938.

Counsel for relator cites Ex parte Kazan, D.C., 5 F.2d 243, and United States ex rel. Gonzalez v. Kirk, D.C., 39 F.2d 246, as sustaining his contention that relator is entitled to a judicial trial on the issue of citizenship. But the situations in these cases differ basically from the one now under consideration and do not, I think, indicate that the relator at bar is entitled to a judicial trial. Both of the cases cited were decided by Judge Hutcheson, and in the Kazan Case he says [page 244]—"I have no doubt that if these applicants had entered surreptitiously or deliberately in defiance of law, or belonged to any of the excluded classes, their entry into and residence in the United States would not confer the citizenship which they claim".

In the Gonzalez Case he says the applicant makes a bona fide claim of citizenship and that the applicant's entrance into the United States was without surreption or evasion.

The relator has had a fair hearing and the conclusion of the Board is supported by the record. Accordingly the writ is dismissed and the relator remanded.