Ex parte VAN LAEKEN.

No. 28339.

United States District Court
N. D. California, S. D.

Nov. 5, 1948.

Gladstein, Andersen, Resner & Sawyer and Lloyd E. McMurray, all of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty. and Edgar R. Bonsall, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

80

GOODMAN, District Judge.

On June 16, 1932, petitioner, a native of Belgium, was admitted to the United States at Honolulu, T. H., as a quota immigrant. Since that time he has followed his calling as a seaman, leaving and returning to this country on many foreign voyages. Upon his petition for naturalization, he was denied citizenship by this court on October 2, 1938. In re Van Laeken, 22 F.Supp. 145. Refusal of citizenship was on the ground that petitioner was attached to the principles of Communism and was not attached to the principles of the Constitution. Upon the same grounds he was again denied citizenship in the Superior Court of the State of California on June 4, 1947.

Upon his return to the United States from a foreign voyage on the SS "Augustine Daly" on July 22, 1948, he was denied admission under the authority of Presidential Proclamation No. 2523 of November 14, 1941, 8 C.F.R. 175.57, and is now detained by the Immigration Authorities. The Attorney General has directed that petitioner be granted a hearing before a Board of Special Inquiry for the purpose of determining whether he should be allowed entry to the United States.

Prior to hearing before the Board of Special Inquiry, petitioner sought, by this petition for the writ of habeas corpus, his release from his present detention. The ground of his petition is that he is a lawful resident of the United States and may not be denied entry. He claims that, although he may hereafter be proceeded against for deportation, he may not lawfully be denied entry.

Upon filing of the petition, the court ordered the District Director of the United States Immigration and Naturalization Service to show cause why the petition should not be granted. The return to the order to show cause is that petitioner is detained pursuant to 8 C.F.R. 175.57 by the Attorney General for a Board of Special Inquiry.

It is not claimed that an alien may not be refused admission, if "such entry would be prejudicial to the interests of the United States."* But the petitioner claims he is a *lawful resident* and may not be denied entry as if he were an *alien seeking admission*. His lawful residence was not lost, he asserts, because of his voyage as a seaman to foreign shores.

The authorities, however, fully sustain the right of the Immigration Authorities to treat his return on a vessel from abroad, to these shores, as an entry. United States ex rel. Stapf v. Corsi, 287 U.S. 129, 53 S.Ct. 40, 77 L.Ed. 215; Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298; United States ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758. True, in Delgadillo v. Carmichael, 332 U.S. 388, 68 S.Ct. 10, the Supreme Court held this doctrine inapplicable to a seaman, where the foreign journey was involuntary. But here the journey abroad was voluntary. The exception to the rule, declared by the Supreme Court, did not vitiate the rule itself.

---

* The pertinent provisions of the Presidential Proclamation are:

"No alien shall be permitted to enter the United States if it appears to the satisfaction of the Secretary of State that such entry would be prejudicial to the interests of the United States as provided in the rules and regulations hereinbefore authorized to be prescribed by the Secretary of State, with the concurrence of the Attorney General."

The pertinent provisions of 8 C.F.R. 175.50 are:

"The official excluding the alien shall immediately report the facts to the head of his department, who will communicate such report to the Secretary of State. Any alien so temporarily excluded by an official of the Department of Justice shall not be admitted and shall be excluded and deported unless the Attorney General, after consultation with the Secretary of State, is satisfied that the admission of the alien would not be prejudicial to the interests of the United States. * * *

"(b) in the case of an alien temporarily excluded by an official of the Department of Justice on the ground that he is, or may be, excludable under one or more of the categories set forth in Section 175.47, no hearing by a board of special inquiry shall be held until after the case is reported to the Attorney General and such a hearing is directed by the Attorney General or his representative."

A further exception to the rule is recognized in our Circuit in Carmichael v. Delaney, 170 A.2d 239 and in Lee Fong Fook v. Wixon, 170 F.2d 245, in cases where the excluded applicant based his claim to admission upon the ground that he was a *citizen* of the United States. These exceptions, however, do not apply in petitioner's case.

The reason for the rule, that each return by an alien to the United States from abroad constitutes an entry, is obvious. It is unthinkable that the United States is so helpless that it cannot deny admission to an alien, who may *at the time* of attempted entry after being abroad, be undesirable or indeed a menace to our institutions.

Furthermore, the writ will not lie, at least so far as the unconditional release of petitioner is concerned, until the completion of the administrative proceedings. United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917; United States ex rel. Loucas v. Com'r. of Immigration, D. C., 49 F.2d 473; Lee Fong Fook v. Wixon, supra.

Finally, the record submitted upon the return to the order to show cause, as well as the findings of Judge St. Sure in Re Van Laeken, supra, indicate at least prima facie, the undesirability of permitting entry to one who assertedly espouses and subscribes to the tenets of the Russian Communistic System and not to the principles of *our* Constitution.

The order to show cause is discharged and the petition is denied.