UNITED STATES ex rel. KWONG HAI CHEW v. COLDING et al.

THE SIR JOHN FRANKLIN.

No. 50, Docket 22095.

United States Court of Appeals Second Circuit.

Argued Nov. 7, 1951.

Decided Dec. 4, 1951.

---

See also, D.C., 98 F.Supp. 717.

Ira Gollobin, King & Freedman, New York City, for appellant; Carol King, New York City, of counsel.

Frank J. Parker, U. S. Atty., Morris K. Siegel, Asst. U. S. Atty., Brooklyn, N. Y., Louis Steinberg, Dist. Counsel, and Max Blau and Oswald I. Kramer, Attys., U. S. Dept. of Justice, Immigration and Naturalization Service, New York City, for appellees.

Before SWAN, Chief Judge, FRANK, Circuit Judge, and COXE, District Judge.

SWAN, Chief Judge.

This is an appeal from dismissal of a writ of habeas corpus sued out by a resident alien who was excluded from readmission to the United States by the immigration authorities upon the return from a voyage to foreign ports of the ship on which he served as a member of the crew. The facts, none of which is disputed, are well stated in the opinion of the District Court and need not be here repeated.[1]

United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317, sustained the power of the Attorney General to exclude an alien without a hearing, on the basis of information of a confidential nature, the disclosure of which would be prejudicial to the public interest, and held the action of the Attorney General final and conclusive. The appellant attempts to distinguish the Knauff case on the ground that he, unlike Mrs. Knauff, had previously

1. United States ex rel. Kwong Hai Chew v. Colding, D.C., 97 F.Supp. 592. See also the related opinion denying the relator bail. D.C., 98 F.Supp. 717.

been legally admitted for residence in the United States and was seeking readmission. The asserted distinction is not valid. A resident alien who voluntarily goes to a foreign country is subject upon his return to all the excluding provisions of the immigration laws, "the same as if he had had no previous residence or domicile in this country." Lewis v. Frick, 233 U.S. 291, 297, 34 S.Ct. 488, 491, 58 L.Ed. 967.[2] Equally without merit is the argument that the Regulations under which the Attorney General acted[3] were not intended to apply to aliens returning to a previously established legal residence. The purpose of the Presidential Proclamations and of the Regulations was the exclusion of aliens whose presence was deemed inimical to the national security. In the accomplishment of this purpose there is no reason to differentiate between aliens who seek reentry and those who seek entry for the first time. See Ex parte Van Laeken, D.C.N.D.Cal., 81 F.Supp. 79, 81; United States ex rel. Johns v. Shaughnessy, unreported (S.D.N.Y.Civ. 53–49, Dec. 5, 1949). Indeed, an alien seeking reentry might well be thought to have the better opportunity to do damage, if so disposed.

 It is next contended that Proclamation Nov. 14, 1941, No. 2523, as amended and 8 C.F.R. § 175.57 are no longer in effect because repealed by the Internal Security Act of 1950, 8 U.S.C.A. §§ 137 et seq., 156, 456, 457, 704, 705, 725, 729, 733 et seq., 22 U.S.C.A. §§ 611, 618, 50 U.S.C.A. §§ 781–826. We think not. The 1950 statute makes no reference to the 1918 Act, as amended, 22 U.S.C.A. § 223, nor to the Presidential Proclamations promulgated thereunder, nor to the Regulations which implement the Proclamations. It is elementary that repeals by implication are not favored.[4] We see no such repugnancy between the prior law and the 1950 statute as would justify holding that the Proclamations and their implementing Regulations have been impliedly repealed.

Finally the appellant urges that he should not be deported until his pending petition for naturalization has been acted upon. Section 27 of the Internal Security Act of 1950, 8 U.S.C.A. § 729(c), forbids the naturalization of any person "against whom there is outstanding a final finding of deportability * * *" The regulation under which the Attorney General acted, 8 C.F.R. § 175.57, provides that an alien excluded thereunder shall be deported. The verbal argument of the appellant that the order of exclusion is not a "final finding of deportability" merits no further discussion. Cf. United States ex rel. Knauff v. McGrath, 2 Cir., 181 F.2d 839, 841, judgment vacated on the ground that the cause is moot, 340 U.S. 940, 71 S.Ct. 504, 95 L.Ed. 678.

Order affirmed.

---

2. Additional authorities to the same effect are cited in the opinion below, 97 F. Supp. 592, at page 595.

3. Title 8, Code of Federal Regulations, 1949 ed., §§ 175.53 and 175.57.

4. Georgia v. Pennsylvania R. Co., 324 U. S. 439, 456–457, 65 S.Ct. 716, 89 L.Ed. 1051.