UNITED STATES ex rel. CLAUSSEN *v.* DAY, COMMISSIONER OF IMMIGRATION.

No. 416. Argued April 10, 1929.—Decided May 13, 1929.

*Messrs. Silas B. Axtell* and *Charles A. Ellis* submitted for petitioner.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Attorney General Mitchell* and *Mr. W. Marvin Smith* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner is an alien held upon a warrant issued by the Assistant Secretary of Labor for deportation under § 19 of the Immigration Act of 1917, U. S. C., Tit. 8, § 155. On his petition, the district court for the southern district of New York issued a writ of habeas corpus. Respondent made return and after a hearing the writ was dismissed. The Circuit Court of Appeals affirmed.

Section 19 contains the following: "At any time within five years after entry . . . any alien who is hereafter sen-

tenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, . . . shall, upon warrant of the Secretary of Labor, be taken into custody and deported."

The facts are not in controversy. Petitioner is a native and subject of Denmark. He came to this country as a member of the crew of a British ship and landed at Norfolk January 22, 1912. He shipped the next day on an American schooner and subsequently served as a seaman on other American ships. October 19, 1917, he shipped from New York on the *Elisha Atkins* for a voyage to South America and return by way of Cuba; he landed at Boston, March 26, 1918. That was his last voyage from foreign ports to the United States. He was subsequently employed in American coastwise trade and resided for a time on land as representative of a seamen's labor union. In June, 1919, he petitioned for naturalization and declared his intention to become a citizen of the United States. June 17, 1921, in the Cumberland county court in the State of Maine, he pleaded guilty to a charge of manslaughter, the killing of James Walker at Portland on May 21, 1921, and was sentenced to imprisonment for more than one year. Subsequently a warrant of the Department of Labor was served upon him and after a hearing he was ordered to be deported to Denmark upon the termination of his imprisonment.

The question for decision is whether petitioner was sentenced within five years after his entry into the United States.

The provision extends to all aliens, that is, every person not a native-born or naturalized citizen. § 1; U. S. C., Tit. 8, § 173. It is immaterial whether he was entitled to admission or whether he lawfully entered. The cause for which his deportation was ordered arose after entry.

*Lapina* v. *Williams,* 232 U. S. 78, 91. *Lewis* v. *Frick,* 233 U. S. 291. His declared purpose to naturalize does not serve him here as he had not become a citizen. If his landing at Boston in 1918 was an entry he is rightly held.

Section 1 provides that " United States " as used in the Act shall be construed to mean the United States and any waters, territory or other place subject to the jurisdiction thereof except the Isthmian Canal Zone. An entry into the United States is not effected by embarking on an American vessel in a foreign port. Such a vessel outside the United States whether on the high seas or in foreign waters is not a place included within the United States as defined by the Act. See *Cunard S. S. Co.* v. *Mellon,* 262 U. S. 100, 122. *Scharrenberg* v. *Dollar S. S. Co.,* 245 U. S. 122, 127. The word " entry " by its own force implies a coming from outside. The context shows that in order that there be an entry within the meaning of the Act there must be an arrival from some foreign port or place. There is no such entry where one goes to sea on board an American vessel from a port of the United States and returns to the same or another port of this country without having been in any foreign port or place. See §§ 19, 32, 33, 35.

And it is clear that petitioner departed from the United States on the *Elisha Atkins* and that, when he landed at Boston on his return from South American and Cuban ports, he made an entry into the United States within the meaning of the Act.

*Judgment affirmed.*