### Ex parte MARINARO.

District Court, W. D. New York.
Nov. 30, 1929.

On Rehearing Dec. 31, 1929.

Jay T. Barnsdall, Jr., of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., for the United States.

HAZEL, District Judge.

The undisputed facts set forth in the petition for the writ of habeas corpus last granted, show sufficient cause for its allowance. The bail bond on the first writ was on file in the office of the clerk of this court and was of continued force during the delay of the hearing thereon. The sureties were, so to speak, relator's jailors. They were his custodians, subject to his surrender and obedience to the orders of the court. Reese v. U. S., 9 Wall. 13, 19 L. Ed. 541. His crossing Niagara River to Canada on August 17, 1921, and his return on the same day, in view of the surety bond and the acquiescence of the sureties in his going to Canada, was not a re-entry within the terms of the statute. As to the first writ, granted in 1924, and held in abeyance, I might state that I have examined the authorities contained in the brief of counsel for the relator [Petition of Hersvik (D. C.) 1 F.(2d) .449, and Weedin v. Banzo Okada (C. C. A.) 2 F.(2d) 321], and upon such authorities I rule with confidence that the asserted re-entry of the alien at such time, within five years of the commission of the crime involving moral turpitude, was not in fact an unlawful re-entry. At such time the relator was employed as a deck watchman on a steamship of American registry, plying between Buffalo and a nearby Canadian port. His employment on an American steamship bound for a Canadian port, and his return aboard her after each trip, was neither a departure nor a re-entry within the contemplation of the Immigration Act of 1917, 39 Stat. 874. There was no relinquishment of his right to remain in this country, or any intention to remain away or become an inhabitant of Canada or any foreign country. Therefore, both writs are sustained.

On Rehearing.

In writing the foregoing decision, my attention had not been called to the decision in U. S. ex rel. Claussen v. Curran, 16 F.(2d) 15, decided by the Circuit Court of Appeals for this circuit (Judge Learned Hand dissenting), nor to the affirming decision by the Supreme Court, U. S. ex rel. Claussen v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758. These decisions, in construing the Immigration Act, broadly rule that an alien, who, after arrival in the United States, becomes one of a ship's crew on an American vessel and ships for a round trip to a foreign port or place, on his return enters the United States within the meaning of section 19 of the Immigration Act 1917 (8 USCA § 155). I am therefore constrained to hold in this case, that when the relator became a deck hand on an American steamer [it makes no difference that the steamer was of American registry, see 16 F.(2d) 15] plying between Buffalo and Crystal Beach, and returned on the same day on the same ship in his capacity as deck hand, there existed an arrival on his part from a foreign port or place; and, moreover, that such an entry was "without having been in any foreign port or country." In department from the United States for Canada, a foreign port, and on his return landing in the United States, he relinquished his right to remain in this country, in view of his commission of a crime involving moral turpitude within five years of such entry.

The writ must therefore be dismissed, and the warrant of deportation executed.