SCHMUCKER, United States District Director of Immigration, v. MARTINEZ.

SAME v. GONZALES.

Circuit Court of Appeals, Fourth Circuit. January 14, 1930.

Nos. 2882, 2883.

Paul W. Kear, U. S. Atty., and William P. Boehmer, both of Norfolk, Va., for the United States.

Jacob L. Morewitz, of Newport News, Va., for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. ▆ These are appeals by the United States from orders in habeas corpus proceedings, discharging the petitioners Christobal Martinez and Ignacio Gonzales from the custody of immigration officials. As both appeals involve the same questions, we shall discuss them together. Martinez and Gonzales are alien seamen being subjects of the King of Spain. They first arrived in the United States in 1917 and 1918, respectively, as members of the crews of foreign vessels, and have never been legally admitted except temporarily as alien seamen. Both are illiterate and both since their arrival have been engaging from time to time in the coastwise trade. Martinez worked ashore and fished for a period of seven or eight months. Both made trips to foreign ports in the year 1928, and, upon their return, were admitted to American ports, as alien seamen for the purpose of shipping foreign. Both again entered the coastwise trade and were so engaged when taken into custody by an immigration inspector in the early part of 1929.

Alien seamen fall within clause 5 of the exceptions to the general provisions of section 3 of the Immigration Act of 1924 defining immigrants (8 USCA § 203). Section 15 of the act provides that they shall be admitted for such time and under such conditions as may be by regulations prescribed to insure that at the expiration of such time, or upon failure to maintain the status under which admitted, they shall depart from the United States (8 USCA § 215). But, except for temporary medical treatment, or subject to such regulations, alien seamen excluded from admission under the immigration laws are not permitted to enter the United States. Section 19 (8 USCA § 166). The power to prescribe these regulations is vested by the act in the Commissioner General of Immigration subject to the approval of the Secretary of Labor (section 24 [8 USCA § 222]); and pursuant thereto the following regulation has been adopted, which has the effect of law, viz.: "Where a bona fide alien seaman, serving as such on a vessel arriving at a port of the United States, and permitted to enter temporarily the United States as a nonimmigrant pursuant to subdivision (5) of section 3 of the immigration act of 1924 solely in pursuit of his calling as a seaman, engages in any other calling or occupation for hire or profit, or enters into the coastwise trade of the United States, or remains within the United States for more than 60 days after such entry, he shall be deemed to have abandoned his status as a nonimmigrant within the meaning of said subdivision (5) of section 3 of the immigration act of 1924, and shall be taken into custody and deported at any time thereafter in accordance with the provisions of section 14 of said act." Immigra-

tion Rules of March 1, 1927, rule 6, subdivision I, paragraph 2.

There can be no question that, under the provisions of this regulation, the petitioners here, having entered the coastwise trade, must be deemed to have abandoned their status as nonimmigrants and to be subject to deportation under section 19 of the act (8 USCA § 166), unless protected by the three-year limitation therein contained. See U. S. ex rel. Bardakos v. Mudd (D. C.) 33 F.(2d) 334. We do not think that they are so protected, for the reason that their last entry into the United States was in 1928, less than three years before they were taken into custody. Claussen v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758.

Prior to the decision of the case last cited, there was some conflict in the authorities as to whether there was an entry within the meaning of the statute where an alien seaman returned to this country after a voyage to a foreign port; but that case has definitely settled the rule that a return to a port of the United States after having made a voyage to such foreign port is an entry within the meaning of the statute, and that the period of limitations is to be counted therefrom. It is but fair to the learned judge below to say that his order discharging petitioners was entered prior to the decision of the Supreme Court in that case.

For the reasons stated, we think that there was error in discharging the petitioners.

Reversed.