## UNITED STATES ex rel. ANDERSON v. KARNUTH, Immigration Director, et al.

District Court, W. D. New York.
April 4, 1930.

John T. Walsh, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (John K. Gerken, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondents.

HAZEL, District Judge.

Relator, a native of Sweden, first arrived in the United States in the spring of 1915, as a seaman on the steamship Crown Prince Gustav, deserted the ship on arrival, and within three days thereafter shipped on a Norwegian vessel for Rotterdam. He again arrived in the United States at New York in March, 1923, as a seaman, and was paid off. He paid no head tax, was not examined, and, since such entry, claims to have lived continuously in the United States, sailing one season on the Great Lakes, and then shipped several times to South American ports on the steamship Santa Clara, leaving her finally on March 9, 1925, at Charleston, soon thereafter coming to Buffalo, where he hired out as a bartender to one Riccio. On about April 10, 1928, he made a temporary visit to Canada and on his return was briefly interrogated at the Peace Bridge by an immigration official, and, being vouched for by a local policeman who was present, was not excluded. On October 8, 1929, he was further examined pursuant to a warrant of arrest issued by the Secretary of Labor and given a hearing by an immigration inspector on or about November 23, 1929, which subsequently resulted in the issuance of a warrant of deportation to the place of his birth on the grounds: First, that the relator violated the Immigration Act of May 26, 1924, in entering the United States without an unexpired visa; and, second, that he entered without inspection. The government claims that his original entry runs from March 9, 1925, when he landed at Charleston, and that he is subject to deportation under section 14 of the Immigration Act of 1924, and also that his entry from Canada on April 10, 1928, likewise applies. By that act (section 214, title 8, US CA), any alien, who at any time after entering the United States is found to have been at the time of entry not entitled to enter or

to have remained therein for a longer time than permitted, shall be taken into custody and deported as provided by sections 155 and 156 of said title.

■ His entry from Canada on the claim that he had continuously resided in the United States since 1923 was not substantiated at the hearing either before the inspector or on return of the writ. His landing in March, 1923, at New York, and his temporary employment on the Great Lakes as a seaman, did not constitute a legal entry. The immigration rules, which have the force of law, provide that where an alien seaman arrives at a port of the United States and is permitted to enter temporarily as a nonimmigrant under subdivision 5 of section 3 of the act of 1924 (8 USCA § 203(5), and engages in any other calling for hire or profit or remains longer than 60 days, he shall be deemed to have abandoned his status as a nonimmigrant and may be taken into custody. This case does not fall within the decision of U. S. ex rel. Gioia v. Curran (D. C.) 11 F.(2d) 904, and other adjudications cited by counsel for the relator. The petitioner's deportation in the Gioia Case was contended under section 34 of the Immigration Act of 1917 (8 USCA § 166), and the court ruled that, notwithstanding his original illegal entry since he had continuously lived in the United States for more than three years and his departure to a foreign country was to bring back his wife, he having filed an affidavit that his absence would be temporary, he did not belong to the excluded class without some independent ground to warrant his exclusion under the general provisions of the act.

■ The instant case is controlled by U. S. ex rel. Rios v. Day (C. C. A.) 24 F.(2d) 654, where it was held that an alien seaman who had abandoned his calling and remained in the United States beyond the period limited in the rules and regulations and in violation of section 19 of the Immigration Act 1924 (8 USCA § 166) was subject to deportation under section 14 (8 USCA § 214), which, in view of section 15 (8 USCA § 215), applied to alien seamen who are nonimmigrants under subdivision e, § 4 (8 USCA § 204(e), in the same manner as provided by sections 19, 20, Immigration Act 1917 (8 USCA §§ 155, 156). The three-year limitation prescribed by the act of 1917 has no application to the present case. It was not repealed by the act of 1924, and applies to seamen who entered prior thereto and who come under the immigration provisions. Cellamare v. Day (D. C.) 32 F.(2d) 623. The facts here are similar to United States ex rel. Piccolella v. Commissioner of Immigration, 36 F.(2d) 1022, a decision by the Circuit Court of Appeals for this circuit, wherein an alien seaman deserted his ship and remained longer than permitted by the act of 1924, and the regulations thereunder and wherein it was contended that inasmuch as the alien entered the United States in 1925, he could not after the three-year limitation of the act of 1917 be deported. The learned court, however, ruled that since the alien remained longer than permitted by the act and rules of the department, he was deportable. Certiorari was recently denied by the Supreme Court. 281 U. S. 723, 50 S. Ct. 239, 74 L. Ed. 1141. And in U. S. ex rel. Philippides v. Day, 37 F.(2d) 1015, decided February 3, 1930, by the Circuit Court of Appeals, Second Circuit, the relator, an alien seaman, arrived in New York in September, 1925, deserted ship, and ever since has remained in the United States and was employed in a restaurant. He was arrested more than three years after his entry for remaining longer than permitted by law. He contended that his deportation was governed by the limitation of the act of 1917, but the decision of the court was to the contrary. See, also, Wong Hop v. U. S. (C. C. A.) 35 F.(2d) 596, and Schmucker v. Martinez (C. C. A.) 37 F.(2d) 315.

■ It makes no difference that the relator has declared his intention to become an American citizen and petitioned for naturalization (U. S. ex rel. Claussen v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758) or was not subject to deportation for commission of a crime involving moral turpitude.

■■ It was also contended that in making foreign voyages to South America on ships of American registry, he did not lose his status as a nonimmigrant, and that his residence of three years from his arrival in 1923 was legalized in April, 1926, or, in other words, that the three-year limitation of the act of 1917 applies. To this contention I do not agree, for even if he entered the coastwise trade of the United States, he nevertheless abandoned his status as a nonimmigrant. It is true that a voyage by an alien seaman on an American ship and return to this country without having been in any foreign port or place would not be an entry; yet when an American vessel departs from the United States to a foreign port or place and the alien seaman returns on the same ship to the United States, he "enters," as that term was recently defined by the Supreme Court of the United States in U. S. ex rel. Claussen v,

Day, 279 U. S. 399, 49 S. Ct. 354, 73 L. Ed. 758. The relator has had a fair hearing before the immigration authorities. The evidence of his entry in March, 1925, and remaining far beyond the period limited by the immigration rules and having abandoned his status as a nonimmigrant seaman, and neither at time of his original entry nor entry from Canada having been inspected or possessed of an unexpired visa, he is subject to deportation under section 14 of the Immigration Act of 1924, and section 19 of the Immigration Act of 1917.

The writ is dismissed.