**UNITED STATES ex rel. TROMPETTO v. CORSI, Com'r of Immigration.**

No. 149.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1932.

Yarchover & Yarchover, of New York City (Rubin Schmier, of New York City, on the brief), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Maurice De Koven, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Trompetto, an alien seaman, came to this country in 1923, as cook upon the steamship Olympic. He entered at that time and remained ashore until May of 1924, when he reshipped as cook on board the steamship Leviathan, where he served till September, 1924, when he was discharged to reship on a foreign vessel, never being passed as an immigrant, and having no immigration visé. He overstayed his leave and has remained in the country ever since. In May, 1931, he was arrested and ordered deported under section 14 of the Immigration Act of 1924 (8 USCA § 214), for having stayed beyond the time for which he was allowed to land.

His case falls directly within our decisions in U. S. ex rel. Fernandez v. Day, 50 F. (2d) 1087, and U. S. ex rel. Stapf v. Corsi, 54 F. (2d) 1086. In these we thought that the situation was within U. S. ex rel. Claussen v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758, which held that a seaman who plies between a port of the United States and any other "port or place" makes a new entry each time he arrives, and must reship within the prescribed period. The Ninth Circuit regards that decision as controlling only when the question arises as to when the period begins which limits the power to deport for some cause arising after entry. It has refused to treat such an entry as new in the sense that the seaman loses his earlier right of residence, and must leave within the time when foreign seamen must reship. Matsutaka v. Carr, 47 F. (2d) 601. Probably for this reason the Supreme Court has granted certiorari upon our order in U. S. ex rel. Stapf v. Corsi, and the case has already been argued.

We affirm the order in the case at bar in conformity with our former rulings, but the mandate must be arrested until the Supreme Court has decided the question. If it takes the view of the Ninth circuit, the appellant may move for a reargument, and disposition will be made as required by its decision.

Order affirmed; mandate to be arrested until after the decision of the Supreme Court in U. S. ex rel. Stapf v. Corsi.