**MARSLIN v. SCHMUCKER, United States District Director of Immigration, et al.**
**No. 4145.**

Circuit Court of Appeals, Fourth Circuit.
April 17, 1937.

Jacob L. Morewitz, of Newport News, Va. (Morewitz & Morewitz, of Newport News, Va., on the brief) for appellant.

Russell T. Bradford, Asst. U. S. Atty., of Norfolk, Va. (Sterling Hutcheson, U. S. Atty., of Norfolk, Va., on the brief), for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and WYCHE, District Judge.

WYCHE, District Judge.

This is an appeal from an order of the District Court dismissing appellant's petition for writ of habeas corpus and remanding him to the custody of appellees for the purpose of being deported in accordance with an order of the Assistant Secretary of Labor previously made. The warrant of deportation was issued May 23, 1935, on the ground that the appellant, an alien seaman, had remained in the United States for a longer time than permitted under the act of May 26, 1924, or regulations made thereunder, having last arrived at the port of Jacksonville, Fla., June 27, 1934, on the American schooner Edward L. Swan, and thereafter remained within the United States for more than sixty days.

As was said by this court in Schmucker v. Martinez, 37 F.(2d) 315: "Alien seamen fall within clause 5 of the exceptions

to the general provisions of section 3 of the Immigration Act of 1924 defining immigrants (8 U.S.C.A. § 203). Section 15 of the act provides that they shall be admitted for such time and under such conditions as may be by regulations prescribed to insure that at the expiration of such time, or upon failure to maintain the status under which admitted, they shall depart from the United States (8 U.S.C.A. § 215). But, except for temporary medical treatment, or subject to such regulations, alien seamen excluded from admission under the immigration laws are not permitted to enter the United States. Section 19 (8 U.S.C.A. § 166). The power to prescribe these regulations is vested by the act in the Commissioner General of Immigration subject to the approval of the Secretary of Labor (Section 24 [8 U.S.C.A. § 222]); and pursuant thereto the following regulation has been adopted, which has the effect of law, viz.: 'Where a bona fide alien seaman, serving as such on a vessel arriving at a port of the United States, and permitted to enter temporarily the United States as a nonimmigrant pursuant to subdivision (5) of section 3 of the immigration act of 1924 solely in pursuit of his calling as a seaman, engages in any other calling or occupation for hire or profit, or enters into the coastwise trade of the United States, or remains within the United States for more than 60 days after such entry, he shall be deemed to have abandoned his status as a nonimmigrant within the meaning of said subdivison (5) of section 3 of the immigration act of 1924, and shall be taken into custody and deported at any time thereafter in accordance with the provisions of section 14 of said act.' Immigration Rules of March 1, 1927, rule 6, subdivision I, paragraph 2."

■ There can be no question that, under the provisions of this regulation, the appellant here, having remained within the United States for more than sixty days after his entry in the port of Jacksonville, Fla., on June 27, 1934, must be deemed to have abandoned his status as a nonimmigrant and is subject to deportation under section 19 of the act (8 U.S.C.A. § 166), unless protected by the three-year limitation therein contained. U. S. ex rel. Bardakos v. Mudd (D.C.) 33 F.(2d) 334. He is not so protected for the reason that his last entry into the United States was on June 27, 1934, less than three years before he was taken into custody. U. S. ex rel. Claus-

sen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758.

■ Title 8 U.S.C.A. § 155, provides: "In every case where any person is ordered deported from the United States under the provisions of this subchapter, or of any law or treaty, the decision of the Secretary of Labor shall be final."

The findings of fact by the immigration authorities in this case were conclusive on the District Court. The court, in the review of the warrant of deportation and findings of fact by the Labor Department, cannot go beyond a consideration as to whether there was a denial of a fair hearing, whether the finding was supported by evidence, and whether there was an application of an erroneous rule of law by the immigration officials. Tassari v. Schmucker et al. (C.C.A.) 53 F.(2d) 570, and authorities therein cited.

The existence of legal grounds for deportation was found as a fact by the Assistant Secretary of Labor as a result of several full hearings given to appellant at some of which he was represented by counsel. The law was correctly applied by the Labor Department.

The evidence taken before the immigration inspectors fully justified the issuance of the warrant of deportation. Appellant admitted that he was a seaman, a native and citizen of St. Eustatius, Dutch West Indies, that he had never been a citizen of the United States, that he never took out American citizenship papers, that he had a Dutch passport and had gotten it at St. Eustatius, Dutch West Indies, about thirteen years ago, that he lost his passport in Galveston about six years ago and had never gotten another one. He admitted that he entered the United States last time at Jacksonville, Fla., on June 27, 1934, on the American schooner Edward L. Swan from Villa de Cora, Venesuela, and that he had not left the United States since that time; he signed on that ship in Newport News, Va., and made a trip to Venesuela, then to Jacksonville, Fla., where he was paid off; he was never admitted to the United States for permanent residence, that he intended to go off shore, the same as he had always been doing, and that he did not intend to stay in the United States.

The hearings given appellant were fair. At some of them he was represented by counsel. At each of the hearings he was informed of his rights. He was admit-

ted to bail when first arrested upon his own recognizance. He was given every opportunity to answer the charge that he was an alien seaman and had remained longer in the United States than permitted by law.

Under such showing in the District Court the District Judge was bound to dismiss the petition of the appellant and remand him to the custody of appellees for deportation.

■ But appellant complains that the District Court did not require appellees to file a formal, written answer or return to the writ of habeas corpus.

While it is true that title 28 U.S.C.A. §§ 456, 457, and 458, provide "Any person to whom such writ is directed shall make due return thereof * * * shall certify to the court * * * before whom it is returnable the true cause of the detention of such party * * * [and] shall at the same time bring the body of the party before the judge who granted the writ," in our opinion there was a substantial compliance with these sections when appellees in response to the order of the court certified, produced and filed with the court a full and complete transcript of the entire record upon which the warrant of deportation was issued and brought the body of the appellant before the judge who granted the writ. Appellees could have done no more if they had filed a formal written answer or return. Certainly appellant cannot complain of the presentation to the court of the complete record on which the warrant of deportation was issued by the Labor Department when such record was produced by an order of the court in response to his petition for such order.

Upon the return of writ the first question to be determined by the court is whether the petitioner had been accorded a fair hearing by the immigration authorities, whether the finding was supported by evidence, and whether there was an application of an erroneous rule of law by the immigration officials and until this had been determined there could be no hearing upon the merits. In habeas corpus proceedings by an alien ordered deported the return of the immigration officers should show what the Department of Labor, through its various boards and offices, had done. The District Court has no right to conduct an original investigation; its function is to investigate what the Department of Labor

produced as a result of its own investigation. United States ex rel. Bieloszycka v. Commissioner of Immigration (C.C.A.) 3 F.(2d) 551.

The whole record of the commitment under the warrant for deportation constitutes a full and decisive answer to every allegation in the petition for the writ, and it is evident from the record in this case that the District Judge, after considering the proceedings and evidence upon which the warrant of deportation was issued against the appellant, decided that the appellant had had a fair hearing, that the findings of the Labor Department were supported by substantial evidence, and that the law had correctly been applied by the immigration officials, and that therefore, he could not proceed to hear the case upon its merits. For the foregoing reasons, it is our opinion the District Judge committed no harmful error in refusing to require appellees to file formal written answer or return.

Title 28 U.S.C.A. § 455, provides: "The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto. The writ shall be directed to the person in whose custody the party is detained."

■ It is exceedingly doubtful if the petition alleged facts sufficient to entitle appellant to the writ. General averments that petitioner is restrained in violation of the Constitution and laws of the United States, or that he is illegally imprisoned without due process of law is a statement of mere conclusions and is insufficient to entitle petitioner to a writ of habeas corpus unless accompanied by specific allegations of fact showing it to be so. Kohl v. Lehlback, 160 U.S. 293, 16 S.Ct. 304, 40 L.Ed. 432.

The petition of appellant for the writ consists mainly of allegations of conclusions of law instead of specific allegations of fact. Certainly when the petition is coupled with the record of the proceedings before the Department of Labor it was clearly insufficient to entitle appellant to the issuance of a writ of habeas corpus.

■ The appellant did not allege in his petition for writ of habeas corpus that he was a citizen of the United States. There does not appear in the record any bona fide claim of citizenship by the appellant, but appellant claims that on account of his

having lived in the Virgin Islands he comes within the provisions of Act Feb. 25, 1927, § 1, 44 Stat. 1234, as amended, title 8 U.S.C.A. § 5b, which is as follows:

"Inhabitants of Virgin Islands; children. The following persons and their children born subsequent to January 17, 1917, are hereby declared to be citizens of the United States:

"(a) All former Danish citizens who, on January 17, 1917, resided in the Virgin Islands of the United States, and are now residing in those islands or in the United States or Puerto Rico, and who did not make the declaration required to preserve their Danish citizenship by article 6 of the treaty entered into on August 4, 1916, between the United States and Denmark, or who, having made such a declaration, have heretofore renounced or may hereafter renounce it by a declaration before a court of record;

"(b) All natives of the Virgin Islands of the United States who, on January 17, 1917, resided in those islands, and are now residing in those islands or in the United States or Puerto Rico, and who are not citizens or subjects of any foreign country; and

"(c) All natives of the Virgin Islands of the United States who, on January 17, 1917, resided in the United States, and are now residing in the Virgin Islands of the United States, and who are not citizens or subjects of any foreign country.

"(d) All natives of the Virgin Islands of the United States who are, on June 28, 1932, residing in continental United States, the Virgin Islands of the United States, Puerto Rico, the Canal Zone, or any other insular possession or Territory of the United States, who are not citizens or subjects of any foreign country, regardless of their place of residence on January 17, 1917."

Appellant does not come within subsection (a) of the foregoing statute because in his testimony he stated that he had never been a Danish citizen. Subsection (b) thereof does not apply to the appellant because in his testimony he stated he was not a native of the Virgin Islands, and that he was not residing there January 17, 1917, and that he was a subject and citizen of the Netherlands. Subsection (c) thereof does not apply to appellant because on January 17, 1917, appellant was not residing in the United States, or

the Virgin Islands, and on that date he was a subject and citizen of the Netherlands. Subsection (d) does not apply to the appellant because he was not a native of the Virgin Islands. The testimony shows that on June 28, 1932, appellant was not residing in the United States, or the Virgin Islands, and at that time he was a subject and citizen of the Netherlands.

For the foregoing reasons the order dismissing the petition for habeas corpus and remanding the appellant to the custody of the Department of Labor for deportation is affirmed.

Affirmed.