**SINGLETARY v. MARETT, Sheriff.**

District Court, W. D. South Carolina, Greenville Division.

Feb. 23, 1938.

238

WYCHE, District Judge.

This matter comes before me upon the petition of C. S. Singletary for writ of habeas corpus in which he alleges that he is restrained in the custody of the sheriff of Anderson county, S. C., by virtue of a commitment by the clerk of court of general sessions for said county, pursuant to a sentence and judgment of the state court resulting from a conviction upon an indictment charging him with violation of the state forgery statute, wherein he asserts his innocence, the illegality of the sentence, the assumption by the state court of jurisdiction in a case where he says he was formerly acquitted, that "the act under which process issued is . unconstitutional as contravening and repugnant to the Constitution of the United States," and that he "was put into jeopardy and acquitted of the same crime and under the same evidence on and for which he was subsequently convicted, and under which he is now imprisoned."

The power to issue writs of habeas corpus granted to the courts and judges of the United States extends to persons held in custody under the authority of a state in violation of the Constitution or a law or treaty of the United States. It is well settled, however, that the orderly administration of justice in a state court should not be interfered with by the exercise of this power, except in extraordinary cases, where the facts alleged.in the petition disclose the existence of an emergency or peculiarly urgent circumstances. In the absence of such emergency or urgency the applicant will be left to stand his trial in the state court and to a review of the final judgment of the highest state tribunal by the Supreme Court of the United States. If a state court has jurisdiction of the cause, mere errors of law committed by it in the exercise of its jurisdiction should not be reviewed by habeas corpus proceedings. The writ should not be used as a substitute for an appeal. It has also been decided that a petition to a federal court for writ of habeas corpus which does not disclose with sufficient particularity anything which would warrant the court in interfering with the proceedings in the state court will be denied. General averments that petitioner is restrained in violation of the Constitution and laws of the United States, or that he is illegally imprisoned without due process of law, is a statement of mere conclusions, and is insufficient to entitle applicant to a writ of habeas corpus, unless accompanied by specific allegations of fact showing it to be so. Marslin v. Schmucker, 4 Cir., 89 F.2d 765.

The petition in this case does not disclose with sufficient particularity any facts which would warrant this court in interfering with the judgment of the state court. Neither the allegations as to the state laws, nor in respect to the proceedings in the state court, are adequate to justify federal intervention by the issuance of the writ applied for.

The application for writ of habeas corpus therefore must be, and is, denied, and it is so ordered.