**UNITED STATES ex rel. SIEGEL v. REIMER, Com'r of Immigration and Naturalization.**

District Court, S. D. New York.

March 21, 1938.

Irwin Isaacs, of New York City, for petitioner.

Lamar Hardy, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

PATTERSON, District Judge.

The Secretary of Labor ordered that Charles Fisk be deported as an alien "sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien, to the United States". 8 U.S.C.A. § 155. The legality of the order is disputed on writ of habeas corpus.

The record on which the order of deportation was issued shows that Fisk came to this country from England in 1907; that in 1932 or 1933 he went to Canada on a sight-seeing trip, returning to the United States two days later; that in 1936 he was sentenced to prison for not less than three years and not more than six years for grand larceny committed on October 3, 1935. The proof as to the trip to Canada consists of an admission to that effect made by Fisk to an *immigration inspector prior to* issuance of warrant for deportation, and of a similar statement made at a hearing held in prison after issuance of the warrant.

The second coming of an alien from a foreign country into the United States is an "entry". United States ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758; United States ex rel. Ciccerelli v. Curran, 2 Cir., 12 F.2d 394. The fact that the alien had resided here for many years prior to the most·recent entry, the fact that his later departure to a foreign country was for a temporary purpose, involving no interruption of continuity of residence here, and was followed by almost immediate re-entry into this country, are

matters that have no legal significance. A re-entry after a visit to a foreign country, no matter how brief, is an entry within the meaning of the statute. United States ex rel. Kowalenski v. Flynn, 17 F.2d 524, D.C.N.Y.; Ex parte Piazzola, 18 F.2d 114, D.C.N.Y.; United States ex rel. Medich v. Burmaster, 8 Cir., 24 F.2d 57; Ex parte Rocha, 30 F.2d 823, D.C.Tex.; United States ex rel. Covielli v. Commissioner, decided here March 24, 1931, unreported; Jackson v. Zurbrick, 6 Cir., 59 F.2d 937; Ex parte Marinaro, 2 F.Supp. 117, D.C.N.Y.; United States ex rel. Carella v. Karnuth, 2 F.Supp. 998, D.C.N.Y. The relator has a case to the contrary, Annello v. Ward, 8 F.Supp. 797, D.C.Mass.; but it is out of line with controlling authority and cannot be followed.

■ The alien's re-entry from Canada in 1932 or 1933 was an entry. The alien having been sentenced to imprisonment for more than one year on conviction for grand larceny committed within five years after that entry, he is deportable. There is no merit in the point that the hearing was unfair because held in the prison where the alien was confined. United States ex rel. Ciccerelli v. Curran, supra.

The writ will be dismissed.