580

Circuit Court of Appeals, Fifth Circuit.

Aug. 20, 1938.

George Piazza, of New Orleans, La., for appellant.

*Rehearing denied Sept. 20, 1938.

Rene A. Viosca, U. S. Atty., and Leon D. Hubert, Jr., Asst. U. S. Atty., both of New Orleans, La., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was ordered deported under the provisions of Section 19 of the Immigration Act of 1917, 8 U.S.C.A. § 155, as an alien who had committed a crime involving moral turpitude, for which he was sentenced to the penitentiary for more than a year, within five years after his entry into the United States. His petition for release on habeas corpus was denied. This appeal is from that judgment.

There is no dispute as to the facts. Appellant was born in Italy and entered the United States on May 4, 1920, and has never been naturalized. On December 25, 1931, he left the United States and went to Havana, Cuba, where he remained for two or three days, returning to the United States on January 5, 1932. On April 6, 1936, he pleaded guilty in the United States District Court for the Eastern District of Louisiana to an indictment which charged him and fifteen other named persons with conspiring to smuggle, import and bring into the United States some 6,000 gallons of alcohol fit for and intended for beverage purposes, and with the substantive offenses of smuggling and concealing the illegally imported alcohol after it came into the United States, all with intent to defraud the United States, in violation of the Tariff Act of 1930, 19 U.S.C.A. § 1593(a). He was sentenced to serve a year and a day in a federal penitentiary. After the completion of his sentence he was arrested in January, 1937, and ordered deported under warrant issued on April 20, 1937.

Only two errors are assigned. One, that the five years, during which he might be deported, began to run from his first entry into the country in 1920 but that is not seriously pressed and, of course, is without substance. U. S. ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L. Ed. 758. Two, that the crime for which he was sentenced did not involve moral turpitude.

It is apparent that the crimes for which he pleaded guilty were committed within five years after his entry. Moral

turpitude is generally defined by the courts as "Anything done contrary to justice, honesty, principle or good morals." 5 Words and Phrases, First Series, p. 4580; 3 Words and Phrases, Second Series, p. 444; 5 Words and Phrases, Third Series, p. 214. Some of the reported cases draw a distinction between offenses that are mala in se and mala prohibita but the weight of authority sustains the conclusion that where the offense involves dishonesty or fraud it also involves moral turpitude. No federal case holding that smuggling involves moral turpitude has been cited and we are not aware of any. Appellee cites as authority by analogy cases holding that counterfeiting involves fraud and therefore moral turpitude. See U. S. ex rel. Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298, which decision is in point. All federal offenses are statutory but that does not fix their inherent nature. Smuggling is a crime at common law. Keck v. U. S., 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505. Fraud is an ingredient of the offense and the statutes providing for its punishment are not merely prohibitory. We have no hesitancy in holding that to clandestinely introduce goods into the United States with intent to defraud the revenue is dishonest and fraudulent and involves moral turpitude.

The judgment is affirmed.