**UNITED STATES ex rel. RONGETTI**
**v. NEELLY.**
**No. 10830.**

United States Court of Appeals
Seventh Circuit.

Sept. 29, 1953.

Rehearing Denied Oct. 22, 1953.

Edward A. Biggs, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Anthony Scariano, Asst. U. S. Attys., John M. McWhorter, District Counsel, Immigration and Naturalization Service, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the district court denying a petition for a writ of habeas corpus, quashing the writ and remanding relator to the custody of the respondent, who is the district director of Immigration and Naturalization at Chicago. Hereinafter relator will be referred to as plaintiff and the respondent as defendant.

Plaintiff came to this country from Italy in February, 1896. The Board of Immigration Appeals found that plaintiff is a native and citizen of Italy, that he last entered the United States November 2, 1904, and that he is subject to deportation under the Acts of February 5, 1917, 39 Stat. 874–898, and of February 18, 1931, 46 Stat. 1171, 54 Stat. 673,[1] in that after February 18, 1931, he was convicted and sentenced on October 2, 1931, for the violation of the Revenue Act of 1918, 40 Stat. 1057, relating to the bartering, exchanging and giving away narcotics. On June 23, 1949, a warrant for deportation was issued based upon plaintiff's conviction in October, 1931. On February 14, 1950, deportation proceedings were stayed pending the outcome of a petition by plaintiff to the President of the United States for executive clemency. On July 28, 1950, the United States Pardon Attorney notified defendant that the Department of Justice had decided not to submit his application for clemency to the President, and

that no further action on the application was contemplated. On May 15, 1951, defendant received from the Italian Government a travel document authorizing plaintiff's return to Italy. Shortly thereafter plaintiff was taken into custody. On May 15, 1951, plaintiff filed a petition for a writ of habeas corpus. The writ issued and defendant filed a return thereto, to which was attached a certified transcript of the record in the deportation proceedings. The return was not traversed.

After a hearing the district court found that plaintiff had been given a fair hearing before the Immigration and Naturalization Service, that there had not been an erroneous application of the law, and that plaintiff had been accorded due process. The writ of habeas corpus was quashed and plaintiff was remanded to the custody of the defendant. Plaintiff appealed to this court on February 20, 1952.

During the pendency of the proceedings in the district court plaintiff applied a second time to the President for executive clemency. On May 5, 1952, the Commissioner of Immigration notified defendant that deportation proceedings had again been stayed, pending the outcome of the proceedings for a presidential pardon, and also stating that plaintiff's attorney had agreed to dismiss the pending appeal to this court. However, said appeal had been dismissed on March 14, 1952, at the instance of plaintiff. On October 23, 1952, the United States Pardon Attorney again advised that it had been determined that plaintiff's petition for clemency did not warrant submission to the President. Defendant again took plaintiff into custody, and shortly thereafter plaintiff filed another petition for a writ of habeas corpus. The writ was issued and defendant filed a return setting forth that the petition for the writ was identical to the petition which had been previously filed, except for the name of the director, and upon which the district court had de-

1. Immigration and Nationality Act, § 241(a) (11), 8 U.S.C.A. § 1251(a) (11).

cided the issues adversely to plaintiff. The return was not traversed. The district court found that the second petition for habeas corpus was identical in substance to the petition previously filed, and on November 24, 1952, entered judgment quashing the writ and remanding the plaintiff to custody. This appeal followed.

We do not have before us a transcript of the proceedings had before the Department of Immigration and Naturalization. As stated, a copy of the testimony there taken and the exhibits received were attached to the return in the earlier habeas corpus proceedings. However, the appeal therein was dismissed and the record made before the department was not made a part of the record in the appeal now before us. In fact, in addition to the pleadings, the record in the instant case consists largely of a colloquy between plaintiff's counsel and the court.

Plaintiff now claims that he should not be deported because he is a citizen of the United States. It is not clear just when he first claimed to be a citizen of this country. Certain it is that no such averment was made in either of his petitions for a writ of habeas corpus, although he did use therein the broad language, "That your petitioner is lawfully entitled to remain in the United States of America."

From the statement made by counsel to the district court, as well as from his argument here, it is apparent that plaintiff bases his claim to citizenship on his alleged appearance on a certain occasion late in the year 1903 or early in 1904 before a court of record in White Plains, New York. Counsel asserts that plaintiff there signed an affidavit but claims the record thereof cannot be produced because the naturalization records of that court before 1906 are not in good order. He states that there are 187 instances in those records where an entry previously made was pasted over. Counsel infers that if the records pasted over could be inspected, it might disclose that plaintiff had signed an affidavit renouncing allegiance to the King of Italy and pledging allegiance to the government of the United States. Counsel's knowledge as to the condition of the record is stated to be based on a personal inspection made by him. Counsel suggested to the district court, as well as to this court, that these courts should investigate the records of the White Plains court *sua sponte*. Of course the statement by counsel is not evidence, but, giving his comments about the record the most liberal interpretation, we may consider them in the nature of an offer of proof.

The argument of plaintiff's counsel is based on a false premise. He states, "At the time of his application for citizenship, the only requisite was that he sign an application for citizenship in the United States and that he renounce his citizenship in Italy. This was done by signing the said affidavits in a large book kept by the keeper of records of White Plains, New York." The Act of March 3, 1903, which became effective 90 days after approval, was in full force and effect until repealed by the Act of June 29, 1906, 34 Stat. 603. Therefore, this Act contained the pertinent law during the months late in 1903 and in early 1904. This Act provided, "Sec. 39. * * * All courts and tribunals and all judges and officers thereof having jurisdiction of naturalization proceedings or duties to perform in regard thereto shall, on the final application for naturalization, make careful inquiry into such matters, and before issuing the final order or certificate of naturalization cause to be entered of record the affidavit of the applicant and of his witnesses so far as applicable, reciting and affirming the truth of every material fact requisite for naturalization. All final orders and certificates of naturalization hereafter made shall show on their face specifically that said affidavits were duly made and recorded, and all orders and certificates that fail to show such facts shall be null and void." 32 Stat. 1222.

■ ■ If, in fact, plaintiff ever did appear before the clerk of the court at

White Plains, New York, and if he did there sign an affidavit, it is apparent he was merely making a declaration of intention which was a preliminary step in the process of obtaining American citizenship. R.S., Secs. 2165 et seq. and 32 Stat. 1222. Having proceeded no further, he did not become a citizen of this country. 2 C.J., Aliens, Sec. 166; 3 C.J.S., Aliens, § 145; 2 Am.Jur. Aliens, Sec. 217; Dorsey v. Bingham, 177 Ill. 250, 266, 52 N.E. 303, 42 L.R.A. 809; In re Moses, C.C., 83 F. 995, 996; United States ex rel. Bauder v. Uhl, 2 Cir., 211 F. 628; United States ex rel. Pfefer v. Bell, D.C., 248 F. 992; Wallenburg v. Missouri Pac. R. Co., C.C., 159 F. 217; Johnson v. Nickoloff, 9 Cir., 52 F.2d 1074. In United States ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758, it is held that a declaration of an intention by an immigrant to become a citizen of the United States does not render him such so as to preclude his deportation for causes arising after entry.

The burden of proof in establishing alienage in deportation proceedings is of course on the government. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221. Although we do not have before us the record which was made in the department, we must assume that the findings made therein are supported by evidence of a substantial nature. In any event, there is no dispute that plaintiff was born in Italy and came here from that country. Therefore the burden of proof to establish his citizenship in this country was upon plaintiff. We have here nothing but a bare claim of citizenship unsubstantiated by any evidence. United States ex rel. Barilla v. Uhl, D.C., 27 F.Supp. 746, affirmed, 2 Cir., 108 F.2d 1021. The return of the respondent in each habeas corpus proceeding was not traversed and it can therefore be considered that only questions of law are raised. United States ex rel. Adamantides v. Neely, 7 Cir., 191 F.2d 997.

Courts will not interfere with administrative determinations unless, upon the record, the proceedings were manifestly unfair, or substantial evidence to support the administrative finding is lacking, or error of law has been committed, or the evidence reflects a manifest abuse of discretion. United States ex rel. Schlimmgen v. Jordan, 7 Cir., 164 F.2d 633. From the record before us, there appears no error on the part of the district court in dismissing the petition for the writ of habeas corpus, and the order appealed from is affirmed.