224 F.2d 803
 UNITED STATES of America ex rel.. Cedric Henning BELFRAGE, Relator-Appellant,
v.
Frank P. KENTON, Warden at Federal Detention Headquarters and Edward J. Shaughnessy, District Director of Immigration and Naturalization at New York, Respondents-Appellees.
 No. 344.
 Docket 23679.
 United States Court of Appeals Second Circuit.
 Argued June 7, 1955.
 Decided July 12, 1955.
 
 Nathan Dambroff, Blanch Freedman & Gloria Agrin, New York City, for relator-appellant.
 J. Edward Lumbard, U. S. Atty., Southern Dist. of N. Y., New York City, for respondent-appellee, Harold J. Raby, Asst. U. S. Atty., New York City, Lester Friedman, Atty., Immigration and Naturalization Service, New York City, of counsel.
 Before CLARK, Chief Judge, CHASE, Circuit Judge, and RYAN, District Judge.
 CHASE, Circuit Judge.
 
 
 1
 The relator-appellant is an alien who, having been administratively denied bail pending the proceedings for his deportation, was enlarged on judicial bail on a writ of habeas corpus and that order was affirmed by this court. United States ex rel. Belfrage v. Shaughnessy, 2 Cir., 212 F.2d 128. Since then the completion of the deportation proceedings has resulted in an administratively final order of deportation and he has been taken into custody as a step in the execution of that order which was reviewed in the court below on another writ and upheld. Pending such review he was denied bail and has now appealed from both orders. He also has moved for release on bail in this court.
 
 
 2
 As we are of the opinion that the order of deportation is valid and ought to be affirmed, whether the denial of bail was erroneous now presents but an academic question which we will pass without discussion.
 
 
 3
 The relator, an alien who had previously made temporary visits to the United States, entered this country in 1937, and was admitted for permanent residence. He, having obtained a re-entry permit, went abroad in 1944 and remained out of the United States so long that previous to his return on October 28, 1945 his re-entry permit had expired. He was, however, as a returning alien resident, permitted to enter for permanent residence on a non-quota immigrant visa on the last mentioned date. 8 U.S.C. § 204(b).[1]
 
 
 4
 In 1953, proceedings for his deportation were begun on the ground that he had after entry been a member of, or affiliated with, the Communist Party of the United States and also on the ground that he was at the time of his entry a member of that party, an organization which advocated the overthrow of the government by force and violence. After extensive hearings before a Special Inquiry Officer of the Immigration and Naturalization Service his deportation on both grounds was directed but he appealed to the Board of Immigration Appeals which sustained the order on the first ground only.
 
 
 5
 We agree with Judge Dawson that the procedure followed in the administrative proceeding was fair and in accordance with applicable law. The appellant's contention that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., was applicable is without merit. Couto v. Shaughnessy, 2 Cir., 218 F.2d 758; Marcello v. Ahrens, 5 Cir., 212 F.2d 830. Nor do we find any substance to the argument that a Special Inquiry Officer should be disqualified from acting because he is a subordinate of the Attorney General who has made known publicly his intention to enforce the laws of the United States relating to the deportation of Communists, a duty which obviously is his. In our opinion the record shows that the appellant was given a full and fair opportunity to present his defense to the charges made against him. He was thus enabled to refute those charges in so far as he would, and could, and that was a vindication of his rights procedurally. Schoeps v. Carmichael, 9 Cir., 177 F.2d 391. The finding that he was a member of the Communist Party of the United States after his entry in 1937 was based upon substantial evidence to that effect and we, accordingly, accept that fact as established and now turn to its legal consequences in respect to his deportability.
 
 
 6
 Under Section 241(a) (6) (C) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (6) (C) (i), any alien who "after entry" has been a member of, or affiliated with, the Communist Party of the United States is deportable. The appellant contends that "entry" as used in this statute means "last entry" and since he has not been found to have been such a member or affiliate since he entered in 1945 the order for his deportation is erroneous. We cannot agree.
 
 
 7
 Each of these entrances into this country was an "entry" within the meaning of that term as used as a word of art in the immigration and deportation statutes. That the "last entry" is the only entry with which Congress may be concerned in providing for the deportation of aliens is obviously not so. And we think the plain language of the pertinent statute, read as it should be in the light of the definition of "entry" in Section 101(a) (13) of the same Act, 8 U.S.C.A. § 1101(a) (13), leaves no fair room for doubt that Congress did intend to make membership of an alien in the Communist Party of the United States after any "entry" a lawful ground for an order of deportation. In Section 241(a) (6) (C) the phrase used is the entirely unqualified one "after entry" and in Section 101(a) (13) "entry" is defined as "any coming of an alien into the United States" from abroad.
 
 
 8
 It seems clear that the term "entry" as used in this statute was intended by Congress to mean what the Supreme Court held it meant in a former statute when it said in United States ex rel. Volpe v. Smith, 289 U.S. 422, 425, 53 S.Ct. 665, 667, 77 L.Ed. 1298, that, "We accept the view that the word `entry' * * * includes any coming of an alien from a foreign country into the United States whether such coming be the first or subsequent one." This language should now, of course, be read in the light of Delgadillo v. Carmichael, 332 U.S. 388, 68 S.Ct. 10, 92 L.Ed. 17, which dealt with a coming in that because of special circumstances, not here involved, did not amount to an "entry" under the statute. See also Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 58 L.Ed. 967; United States ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758.
 
 
 9
 The motion for the allowance of bail by this court is denied and the order of deportation is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Immigration and Nationality Act 1952, 8 U.S.C.A. § 1101(a) (27) (B)