**WONG HONG NEE, Plaintiff,**

v.

**Bruce G. BARBER, as District Director of Immigration and Naturalization Service, San Francisco, and David H. Carnahan, as Regional Commissioner of the Immigration and Naturalization Service, Defendants.**

**No. 35178.**

United States District Court
N. D. California, S. D.

July 20, 1956.

Harold D. Kline, San Francisco, for plaintiff.

Lloyd Burke, U. S. Atty., San Francisco, for defendant.

EDWARD P. MURPHY, District Judge.

This is a motion for summary judgment in a declaratory judgment action by plaintiff, an alien seaman, that he is entitled to the benefits of the Refugee Relief Act of 1953, 50 U.S.C.A.Appendix, § 1971d. The issue is whether the plaintiff was "physically present in the United States" on August 7, 1953, the date provided in the statute. 50 U.S.C.A.Appendix, § 1971d.

948

The stipulated facts are that plaintiff was hired in Yokohama, Japan, on April 7, 1953 for a voyage which lasted until August 11, 1953, on a public vessel of the United States, the United States Naval Ship "Sappa Creek". At no time during the voyage did the vessel touch an American port, and on August 11, 1953, plaintiff was discharged in Kure, Japan.

The contention of plaintiff is that presence aboard a public vessel of the United States is physical presence in the United States within the meaning of 50 U.S.C.A.Appendix, § 1971d.

That contention is unfounded. United States ex rel. Claussen v. Day, 1929, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758. The distinction that in the case at bar the vessel is a public American vessel whereas in Claussen it was a private American vessel, is not sufficient to overcome the analogy between that fact situation and this one. This case presents a different issue from the case of Shio Han Sun v. Barber, D.C., 144 F.Supp. 850. In Sun, the alien took ship on an American vessel from an American port, and was held to be "physically present in the United States" within the meaning of the statute here in question. The Sun case decides that "physical presence" in the United States is not altered by shipping out of an American port on a voyage aboard an American vessel. No question of entry to the United States is posed by the Sun case, but only one of continued presence. The instant motion would extend that holding to the proposition that entry to the United States is effected by boarding one of its ships in a foreign port. Even the remedial nature of the Refugee Relief Act of 1953 does not allow such a conclusion in the face of United States ex rel. Claussen v. Day, 1929, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758. The same reasoning applies to other cases cited by plaintiff relating to *uninterrupted* presence where the original presence of the alien in the United States is not in issue.

Plaintiff's motion is denied and that of defendant is granted.