**Frank BONETTI, Appellant,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, et al., Appellees.**

**No. 12885.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 25, 1956.

Decided Dec. 27, 1956.

Mr. David Rein, Washington, D. C., with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for appellant.

Mr. Harold H. Greene, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees.

Mr. Leo A. Rover, U. S. Atty., at the time record was filed, also entered an appearance for appellees.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a judgment of the District Court granting appellees' motion for summary judgment and dismissing appellant's complaint, which had been filed to secure a review of an order of deportation entered against appellant and for injunctive relief.

Briefly stated, the facts are as follows:

Appellant first entered this country for permanent residence on November 1, 1923. In 1937, he left the United States to fight in the Spanish Civil War as a member of the Abraham Lincoln Brigade. On October 8, 1938, he returned to this country and, after a special hearing, in the course of which he testified to Communist Party membership on his part from 1932 to 1936, he was admitted a second time for permanent residence. Appellant left the country for one day and re-entered in the summer of 1939. He was, in no sense of the word, a "nominal" communist. While a member of the party, he held offices in a party unit and was its head at one time; but there is no evidence of his having been a member since he last came to the United States.

The Immigration and Naturalization Service instituted proceedings against appellant which resulted in a final administrative order that he was subject to deportation as an alien who had been a member of the Communist Party of the United States following entry into this country, as provided by 8 U.S.C.A. § 1251 (a). This statute, so far as is pertinent here, provides that any alien who was, "after entry" into the United States, a member of the Communist Party of the United States shall be deported pursuant

to statutory procedures. "Entry" was defined in the Act as "any coming" into this country. 8 U.S.C.A. § 1101.

Appellant sought judicial review of the deportation order, contending in effect that the term "entry" as used in the statute should be construed to mean "last entry," and that, if so construed, the record could not support a deportation order, there being no evidence of membership in the Communist Party after appellant's last entry.

Both parties rely on United States ex rel. Volpe v. Smith, 1933, 289 U.S. 422, 53 S.Ct. 665, 667, 77 L.Ed. 1298, and agree that the statutory definition of entry as "any coming" is taken from that decision.

Volpe was an alien who legally entered the United States in 1906, and who, in 1925, was convicted of a crime involving moral turpitude. In 1928 he visited Cuba, returning the same year. In 1930, the immigration authorities sought to deport Volpe on the theory that he had been convicted of a crime of moral turpitude prior to entry. Thus, conduct *prior to entry* was the basis for deportation whereas here the basis was conduct *after entry*. In Volpe, the alien argued that entry meant original entry and that his last entry could not be used as the basis for finding a conviction of crime "prior to entry." The Supreme Court, however, declared entry to mean " * * any coming of an alien from a foreign country into the United States whether such coming be the first or any subsequent one."

United States ex rel. Belfrage v. Kenton, 2 Cir., 1955, 224 F.2d 803 seems to us precisely in point here. Belfrage entered the United States in 1937 for permanent residence. After receiving a re-entry permit, he went abroad in 1944. While abroad his re-entry permit expired but, in 1945, he was allowed to re-enter this country as a returning alien resident. In 1953, the immigration authorities took action to deport him because he had been a member of the Communist Party after his entry in 1937 (his first entry), though there was no evi-

dence of party membership after his last entry in 1945. The District Court, 131 F.Supp. 576, held that a first entry was an entry within the meaning of the statute and that, therefore, Belfrage was deportable. On appeal, the Second Circuit affirmed, saying that each time Belfrage came into the United States from abroad there was an entry within the statutory meaning of the term. The appellate court regarded this conclusion as dictated by the decision in Volpe.

Holding, as we do, that the word "entry" as used in 8 U.S.C.A. § 1251(a) means "any coming of an alien from a foreign country into the United States whether such coming be the first or any subsequent one," [289 U.S. 422, 53 S.Ct. 667] it follows that the judgment of the District Court should be and is

Affirmed.