**John Harvey McCURDY, Petitioner,**

v.

**COMMONWEALTH OF VIRGINIA, Respondent.**

**Civ. A. No. 72–C–176–A.**

United States District Court, W. D. Virginia, Abingdon Division.

Oct. 6, 1972.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This case is before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by John Harvey McCurdy, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in this court on August 21, 1972.

Petitioner is currently serving a sentence of five years in the Virginia State Penitentiary by reason of a judgment of the Corporation Court of the City of Bristol, imposed on September 15, 1971, for rape. The court on September 29, 1971 overruled a motion to set aside the verdict. The conviction resulted after a trial by jury in which the petitioner, represented by counsel of his choice, entered a plea of not guilty.

Following his conviction, petitioner, by counsel, filed a notice of appeal and assignments of error to the Virginia Supreme Court. Finding no reversible error, that court on May 4, 1972 refused petitioner's petition for writ of error and supersedeas and the conviction was affirmed.

Petitioner alleges several errors in his petition: (1) ineffective representation of counsel; (2) insufficient evidence; and (3) denial of due process and equal protection of the laws.

All of petitioner's allegations are raised for the first time in this petition, and therefore petitioner has failed to exhaust his available state remedies in compliance with the provisions of 28 U.S.C.A. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). None of the allegations were previously raised in petitioner's notice of appeal and assignments of error to the Virginia Supreme Court. Although the court dismisses these allegations for failure to exhaust state remedies, the court looking to the merits will deal with each allegation separately.

■ Petitioner alleges ineffective representation of counsel and states that his lawyer refused to subpoena material witnesses in his favor. However, specific witnesses are not named nor is there any indication that they would have had any material bearing on the outcome of the trial. Therefore, petitioner's first allegation is not supported by sufficient evidence and may be properly dismissed on this ground.

■ Petitioner also alleges insufficient evidence and states that the witness for the prosecution was not questioned upon any of her statements against the petitioner. However, there is no indication that such questioning would have had a material bearing on the outcome of the trial. The evidence presented was sufficient for a jury to return a guilty verdict. The victim, having known the petitioner since high school days, positively identified the petitioner as her assailant. Also, a witness, who had known petitioner since school days, identified petitioner as leaving the apartment at the time of the attack. The court therefore dismisses petitioner's allegation of insufficient evidence as it is patently frivolous.

■ Petitioner also alleges denial of due process and equal protection of the laws. However, he states no facts in support of the allegation and broad conclusions of law are not sufficient for consideration on writs of habeas corpus. Marslin v. Schmucker, 89 F.2d 765 (4th Cir. 1937). Therefore this allegation must be dismissed as an overbroad conclusion of law unsupported by the facts.

Accordingly, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file with the clerk of *this* court within 30 days a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1. the judgment, order or part thereof appealed from;

2. the party or parties taking the appeal; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.