Petition for Review of Manuel Marques DA SILVA PEREIRA, Petitioner

v.

John L. MURFF, as District Director of Immigration and Naturalization for the District of New York, Respondent.

United States District Court
S. D. New York.
Dec. 26, 1958.

Nemeroff, Jelline, Danzig & Paley, New York City, for petitioner, by Morton Silfen, New York City, of counsel.

Arthur H. Christy, U. S. Atty., for Southern Dist. of New York, New York City, for respondent, by Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

By this motion, brought under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the District Director of Immigration and Naturalization seeks summary judgment dismissing the petition of Manuel Pereira on the grounds that there is no genuine issue as to any material fact and that the respondent is entitled to judgment as a matter of law.

The petition, filed in this court on July 14, 1958, seeks judicial review of a decision of a Special Inquiry Officer of the Immigration and Naturalization Service, rendered on March 27, 1958 after a hearing, directing petitioner's deportation under section 241(a) (2) of the Immigration and Nationality Act (8 U.S.C.A. § 1251(a) (2) [1] on the grounds that petitioner, having been admitted to the United States as a non-immigrant crewman, remained within this country without authority beyond the period accorded to him. Appeal from the decision of the Special Inquiry Officer was dismissed by the Board of Immigration Appeals on May 21, 1958 and motion for reconsideration was denied by the Board on July 3, 1958.

Petitioner asserts four grounds for holding that the decision and order of the Special Inquiry Officer "was unlawful and erroneous." I shall discuss each of petitioner's contentions seriatim.

### I. Sufficiency of the Evidence.

Petitioner asserts that there was no properly admitted substantial evidence on the record as a whole before the Special Inquiry Officer to support his decision and order. At the hearing on March 27, 1958 petitioner, who was represented by counsel, after entering a general denial, refused to answer any questions as to his alienage or as to his immigration status in the United States. The Examining Officer thereupon introduced into evidence, over objection, petitioner's passport as well as a sworn statement allegedly made by petitioner to an Immigration Investigator on March 20, 1958. The statement, which bears the signature "Manuel Pereira" consists of a printed form acknowledging that the investigator has properly identified himself and informed the affiant of his rights, under which the following words have been typed:

"I was born on Jan. 31, 1920 at Pardilho, Aveiro, Portugal and I am a Portuguese citizen. My parents were never citizens or resident of the U. S. I am married to Maria Anumciacao a Portuguese citizen and we have one child. I last entered the U. S. at Phila., Pa., on 3/9/57 as a seaman on the S.S. Tern and I was given a pass to go ashore. I could not get along with the Capt. and I wanted to change ships. It was winter time and I could not get another ship. * * * "

After this statement appears the signature "Manuel Pereira" followed by a certification signed by Anthony Alvarenga, an interpreter, that he read the statement to the affiant in the Portuguese language.

Petitioner does not deny that the statement and passport (with a photograph attached in the likeness of petitioner), if properly admitted into evidence would constitute sufficient proof upon which to base a finding of deportability, nor does petitioner assert that the statement is untrue or was not voluntarily given.[2] However, petitioner contends that no proper foundation was laid for the admission of either document. This contention is utterly lacking in merit.

While it is true that, at the hearing, petitioner declined to acknowledge the statement on the ground that his answer might tend to incriminate him, in re-

---

[1] (a) "Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

  \*      \*      \*      \*      \*

  "(2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States."

[2] Petitioner asserts that evidence was obtained in violation of his right to due process. Though he does not elaborate upon this charge, it presumably refers to the fact that he was not represented by counsel when the statement was taken. In view of the fact that he does not deny that the statement was voluntarily given, this assertion is frivolous. See United States ex rel. Bilokumsky v. Tod, 1923, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221.

sponse to the question "Did you appear at this office on March 20, 1958 and did you make a statement under oath to an Inspector of this Service?" petitioner stated "Yes, I was there." The Examining Officer then called the Investigator, Herman Klegman, who testified that he took the statement from petitioner on the day in question after informing petitioner, through the interpreter, of his right not to answer and of his right to counsel. The interpreter was then called and after identifying his signature on the certification, stated that he had translated the statement to petitioner on the day in question, though he couldn't recall advising him of his right to counsel and did not advise petitioner "in that manner" that he need not sign the statement or answer questions "on the ground that the answer might tend to incriminate him."

■ On the basis of this record I can see no grounds for petitioner's assertion that there was no proof that the statement was accurately translated and read to petitioner in the Portuguese language.[3] I find that the statement was properly introduced into evidence and constituted substantial, reasonable and probative evidence upon which to base a finding of deportability. See United States v. Lee Hee, 2 Cir., 1932, 60 F.2d 924.

■ Though the statement alone would be sufficient evidence upon which to base a finding of deportability,[4] I find

that the passport was also properly introduced into evidence.

## II. Pre-Trial Examination of the Government's File.

■ At the hearing before the Special Inquiry Officer, petitioner moved for a *pre-trial* inspection of the administrative file and also for an inspection of that part of the government's file relating to the apprehension and arrest of petitioner. Petitioner argues that he is entitled to this relief under section 242 (b) (3) of the Immigration and Nationality Act (8 U.S.C.A. § 1252(b) (3) and Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103.

Section 242(b) (3) provides: "the alien shall have a reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the Government." This subsection refers to the right to examine documentary and other evidence and to cross-examine witnesses at the hearing. See Goncalves-Rosa v. Shaughnessy, D.C.S.D.N.Y.1957, 151 F.Supp. 906. I know of no case, nor does petitioner cite me to any, in which section 242(b) (3) has been employed to provide the extraordinary "pre-trial" relief sought here.

Petitioner's contention that Jencks v. United States, which provides that a criminal defendant may inspect statements of government witnesses who have been called at the trial, grants him the right to an unlimited *pre-trial* inspection

3. At the hearing on March 27, 1958, the interpreter was asked whether on March 20, he had "rephrased" the questions of the Investigator into Portuguese. He answered in the affirmative. The frivolity of petitioner's argument is demonstrated by the fact that he seizes upon the word "rephrased", asserting that "the function of an interpreter is not to rephrase, but to translate accurately." In this regard it should be noted that at the time the statement was signed the interpreter certified that he had "read the above statement to the subject in the Portuguese language." Furthermore, I can see nothing sinister in "rephrasing". The translation of a sentence from one

language into another frequently requires rephrasing. The petitioner asserts "that the function of an interpreter is not to rephrase, but to translate accurately." His conclusion is based on the false premise that when an interpreter rephrases he does not translate accurately. No single instance of faulty translation is cited.

4. The Board of Immigration Appeals, in its opinion of May 21, 1958 wrote: "Although we find no error in the admission in evidence of the passport, counsel's contention need not be discussed since we have disregarded the respondent's Portuguese passport in arriving at our decision."

of the government's file in the instant case is patently absurd.

I find that pre-trial examination of the government's file is not authorized by section 242(b) (3) nor Jencks v. United States and was properly denied.

### III. Conduct of the Hearing.

█ Petitioner urges that the hearing was improperly conducted in that the procedure as outlined in 8 C.F.R. 242.16 was followed. This regulation, petitioner asserts, exceeds the authority conferred by statute and "constitutes a denial of due process of law and infringement of the right against self-incrimination." However, petitioner nowhere states in what manner his rights have been violated. If it is his position that the regulations are in excess of statutory authority in that they authorize initiation of proceedings by order to show cause rather than by an arrest as under the old regulations, I can find no merit in it. Cf. In re Muniz, D.C.W.D.Pa.1956, 151 F.Supp. 173. It is difficult to see how the government's failure to arrest petitioner prejudiced him in any respect.

### IV. Delegation of Authority to Special Inquiry Officer.

█ Finally, petitioner argues that section 242(b) improperly delegates authority and fails to conform to the standards set out in the Administrative Procedure Act (5 U.S.C.A. § 1001 et seq.). This same argument was rejected in Marcello v. Bonds, 1955, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107; United States ex rel. Belfrage v. Kenton, 2 Cir., 1955, 224 F.2d 803; see also Sigurdson v. Landon, 9 Cir., 1954, 215 F.2d 791, certiorari denied 1955, 348 U.S. 916, 75 S.Ct. 298, 99 L.Ed. 718 and need not be dealt with extensively here. It is entirely without substance and must be rejected.

### Conclusion

I find that the Special Inquiry Officer's determination of deportability was based upon reasonable, substantial and probative evidence and that petitioner's assertions that the proceedings were improperly conducted and that error was committed in the admission of evidence are groundless. I further find that the instant action presents no issue of fact and that respondent is entitled to judgment as a matter of law.

Respondent's motion for summary judgment dismissing the petition is accordingly granted. So ordered.